No. 36,730

CECIL JONES and HARRY WEBB, *Appellant,* v. (JOSEPH E. PEPPER) HENRY B. RAINBOLT and CLAUDE V. BUCKLER, *Appellees..*

(176 P. 2d 855)

354

Opinion filed January 25, 1947.

*O. S. Samuel,* of Emporia, and *O. C. Zwicker,* of Eureka, were on the briefs for the appellants.

*Edward E. Pedroja* and *Clay C. Carper,* both of Eureka, were on the briefs for appellee Rainbolt; *Thomas C. Forbes* and *Harold G. Forbes,* both of Eureka, were on the briefs for appellee Buckler.

The opinion of the court was delivered by

PARKER, J.: In this action the plaintiffs seek to recover a commission for the sale of personal property and real estate owned by some of the parties defendant. The appeal is from rulings of the trial court sustaining demurrers to the petition.

The petition is lengthy and in such form it cannot be easily summarized. For that reason, and in order that there can be no doubt as to the issues presented for determination on appeal, or confusion with respect to their decision, we attach a copy thereof to this opinion as an appendix, where its allegations will be available for ready reference.

To the petition as filed the defendants, Buckler and Rainbolt, filed separate but similar demurrers on grounds (1) that it failed to state facts sufficient to constitute a cause of action, and (2) that several causes of action were improperly joined therein. No service was obtained on defendant Pepper, and no appearance was made by him or pleadings filed on his behalf.

The certified copy of the journal entry of judgment on file in the office of the clerk of this court reveals the trial court sustained each demurrer generally without specifying the reasons for its decision. Therefore, if its ruling on either of the two grounds set forth in each demurrer is correct its judgment must be affirmed.

First, for reasons presently to be disclosed, we give consideration to the question of whether the petition states a cause of action against any defendant.

When the petition is carefully examined it becomes apparent the appellants have attempted to plead three causes of action. One on contract against defendants Pepper and Buckler, another for vio-

lation of an oral agreement made by thèm with the defendant Rainbolt, and a third against all defendants for conspiracy to defraud. Allegations with respect to each such claimed cause of action will be found in the appendix and there is no occasion for repeating them here.

With regard to averments of the petition pertaining to a conspiracy to defraud we have no difficulty in concluding they fail to set forth sufficient facts to constitute a cause of action against the three defendants to which they have reference. Nowhere do appellants set forth the acts, conduct of the parties, or the facts and circumstances relied on by them as the basis for their claim in that respect. The books are full of decisions holding that mere general averments of fraud and illegality, without stating the facts upon which the charge is predicated, present no issue, and are demurrable for insufficiency (*Ladd v. Nystol*, 63 Kan. 23, 64 Pac. 985; *Dowell v. Railway Co.*, 83 Kan. 562, 112 Pac. 136; *Hardesty v. Hardesty*, 150 Kan. 271, 92 P. 2d 49; *Rogers v. J. R. Oil and Drilling Co.*, 149 Kan. 807, 89 P. 2d 847 and *Smith v. Bridgeport Machine Co.*, 151 Kan. 444, 446, 100 P. 2d 65). Here the allegations of conspiracy and fraud are of the most general character and based solely upon speculation and conjecture.

Likewise, we have little difficulty in deciding the petition fails to state a cause of action against appellee Rainbolt. In the first place appellants do not allege, even by inference, he is indebted to them for the commission under the terms of their oral contract or ask to recover anything from him, but on the contrary seek to recover such commission from appellee Buckler and defendant Pepper. In the next, in its present form, if construed as an attempt to state a cause of action against such appellee *ex contractu* and obtain a judgment against him for an amount claimed to be due them from him, the action is premature. Under other allegations of the petition, setting forth the substance of the contract and conceding Rainbolt had received nothing as a result of it, any cause of action they might acquire against him would not accrue until such time as he received the commission and it became subject to division in accordance with the terms and conditions of the agreement.

More difficult of decision is the question of whether the petition states a cause of action against appellee Buckler.

The legal principles applicable to determination of sufficiency of a pleading on demurrer are so well established by our decisions as

to hardly require restatement. They are well defined in *Downey v. Phillips,* 137 Kan. 362, 20 P. 2d 453, where it was held:

. "Where a demurrer is filed to a petition on the ground that it does not state a cause of action, without first presenting a motion to have the allegations of the petition made more definite and certain, the allegations of such petition will be liberally construed in favor of the pleader.

"A petition containing the necessary allegations to advise the defendant of the claim against him and of the relief demanded is good on demurrer although stated in an awkward and unskillful manner." (Syl. ¶¶ 1, 2.)

See, also, *Owens v. Deutch,* 156 Kan. 779, 137 P. 2d 181, and cases there cited, to the same effect.

When tested by the foregoing rules we believe a careful analysis of the second, third, fourth, fifth, sixth, seventh, and ninth paragraphs of the fourth subdivision of the petition as it appears in the appendix compels the conclusion a cause of action is stated as to Buckler. There, by giving them the benefit of all inferences to which they are entitled, are to be found allegations of fact which, if they can be established by competent evidence, would entitle the appellants to recover the commission claimed to be due them, including averments to the effect that appellants were the procuring cause of the sale for which a commission was to be paid.

In this jurisdiction a real-estate agent is entitled to recover his commission for the sale of land if under contract with the owner thereof he has been the procuring cause of the sale, even though he did not personally conduct it to its final and successful conclusion. For early decisions announcing such doctrine, see *Marlatt v. Elliott,* 69 Kan. 477, 77 Pac. 104, and cases there listed.

Each appellee, although refusing to concede the petition states a cause of action, bases his principal and most strenuous argument upon the proposition the petition discloses a misjoinder of causes of action and that, therefore, the trial court's judgment must be affirmed. They point to G. S. 1935, 60-601, providing that causes of action joined in a petition must affect all the parties to the action, and direct our attention to *Cole v. Thacker,* 158 Kan. 242, 248, 146 P. 2d 665, and cases therein referred to, where it was said "this court has repeatedly held that where causes of action are united and do not affect all parties to the action, and do not come within the exception specifically mentioned in the statute, a demurrer to the petition on the ground of misjoinder of causes of action will be sustained." Quite true. And perhaps it should be here stated that

we do not for one moment recede from what is held in that and many of our other decisions to the same effect. Perhaps, also, we should add that had the petition, in form as hereto attached, stated two or more causes of action we would be in entire accord with appellee's claim of misjoinder.

The legal proposition recognized by our statute (G. S. 1935, 60-705, *fourth*) and our decisions, that misjoinder of causes of action constitutes a ground for demurrer presupposes that a pleading contains two or more causes of action and is never applicable when that pleading contains—as here—a single cause of action.

That what has just been stated is the general rule is evidenced by statements to be found in well-recognized legal treatises. See 1 C. J. S. 1184, § 63, where it is said:

"The question of the joinder of causes of action involves in particular cases a preliminary inquiry as to whether two or more causes of action are stated, for obviously there can be no question of joinder or misjoinder of causes if the complaint states but a single cause of action, or no cause of action at all, . . ."

Also 1 Am. Jur. 457, § 67, which reads:

"In determining whether a pleading is open to attack on the ground of misjoinder of causes of action, one must first determine whether more than one cause of action is stated, for when the plaintiff's pleading states but one cause of action, it is obvious that there can be no misjoinder of causes of action; moreover, a futile attempt to state a second cause of action does not, according to most decisions, render the pleading open to attack for misjoinder."

And that the general rule is followed in this jurisdiction is definitely indicated in our own case of *Campbell v. Durant*, 110 Kan. 30, 202 Pac. 84, where it was held:

"Where certain causes of action are ruled out on demurrer thereto, and only one cause of action remains, the latter is not necessarily defective for misjoinder with the causes which had already succumbed to the demurrer." (Syl. ¶ 5.)

And said:

"Since the first four causes of action which plaintiffs attempted to state were all disposed of on demurrer there can be no valid objection to the fifth cause of action on the ground of misjoinder." (p. 35.)

The trial court erred in holding the petition failed to state a cause of action *ex contractu* against Buckler. To that extent its judgment is reversed with instructions to overrule his demurrer. Otherwise the judgment is affirmed.

## APPENDIX

Plaintiff for his cause of action against the defendants hereinabove named says:

1. That the correct postoffice address and place of residence is as follows:

    Cecil Jones, Eureka, Kansas.
    Harry Webb, Toronto, Kansas.

2. That the addresses of the defendants known to us are as follows:

    Joseph E. Pepper, Denver, Colorado.
    Henry N. Rainbolt,
    Claud V. Buckler, [sic] Eureka, Kansas.

3. That said Joseph E. Pepper and said Henry B. Rainbolt are parties defendant and plaintiff in a certain action pending in the District Court of Greenwood County, Kansas, and undetermined, same being Case No. 17,887, said action being brought by plaintiff therein. Henry N. Rainbolt, against said Pepper for recovery of a real estate commission claimed by said plaintiff to be due them or [sic] the claimed and alleged sale of real estate, royalty interests, and personal properties more particularly set out in said petition so filed therein, which are the same referred to for the purpose of identity only.

That said plaintiffs herein filed leave to intervene in said cause and such right was by the District Court denied, and this action is brought for the recovery of the commission for the sale of said identical property and claim to be entitled to an interest therein and thereto.

4. That the plaintiffs do not know and cannot state what the facts are as to the real owners of the property mentioned and described in said action, and which are hereinafter more particularly mentioned, but on information and belief alleged the facts as follows:

That the said Joseph E. Pepper and Claud V. Buckler, [sic] defendants herein, were at the time hereinafter mentioned, associated together in a partnership known as the "PRODUCERS SUPPLY CO.," of Eureka, Kansas. That each of them were in the early spring of 1945 and ever since said time up to the time of the sale of said properties as hereinafter set out, were the owners of the physical properties of said PRODUCERS SUPPLY CO., consisting of various chattels consisting of oil and gas royalty interests, leases and leaseholds, rights and equipment, drilling apparatus and equipment used and useful in the development of oil producing properties, pumping same and storing same for commercial use, same being the identical properties mentioned and referred to in the petition filed by the said Rainbolt in said action brought by them against the said Pepper and which same is again referred [sic] to for the purpose of identity of the chattels and properties so owned by said defendants, Pepper and Buckler.

That in addition to the interest owned by the said Buckler in said properties, that said Buckler was the managing officer in charge of the supervision and control of said business with authority vested in him by the said Pepper to handle and dispose of said properties upon terms satisfactory to the said Pepper, the terms of said authority and the extent thereof being unknown to these plaintiffs, BUT peculiarly within the knowledge and information of the said defendants.

That in addition to the authority vested in said Buckler to handle, operate, supervise and manage said properties of said PRODUCERS SUPPLY CO., aforesaid, the said Pepper orally authorized and clothed said Buckler with authority and directions to sell and dispose of all of the physical properties of said Producers Supply Co., in Eureka, Kansas, at a price and on terms to be determined, fixed and agreed upon between the said Pepper and Buckler. That plaintiffs are unable, for want of knowledge of the details of such authority, to state the terms thereof, but same is within the knowledge of said Pepper and Buckler.

Plaintiffs further state that they do not know whether the acts on the part of the said Buckler, as hereinafter set forth, was the act or the acts of said Buckler as part owner or as the agent of the said Pepper, but said Buckler in the handling of said properties of said Producers Supply Co., or was in furtherance of the authority given him by said Pepper to sell and dispose of said properties as hereinafter set forth, and in all dealings had by the said Buckler with the plaintiffs herein of and concerning said properties herein referred to, said Buckler was acting as agent and representative of the said Pepper with full authority to do the things as done by him as more fully set out herein.

That in the spring of 1945, the exact date being to plaintiffs unknown, the said Claud V. Buckler orally listed said properties of said Producers Supply Co., for sale, and in *writing,* did furnish these plaintiffs with an itemized statement of all *chattels* to be offered for sale. A copy of which being hereto attached and marked Exhibit "A" for reference and made a part hereof the same as though set out in full at this place, said listing being with the plaintiff, Cecil Jones. That at the time of said listing said Buckler orally agreed to pay the said Jones and Webb the fair and reasonable and customary commission for selling the same in the event a buyer was found who was ready and able to buy the same upon such terms satisfactory to the said Buckler.

That after the oral listing of said properties, the said Cecil Jones did interest the plaintiff, Harry Webb, in assisting him to find a buyer of said properties, and thereafter the said Jones and the said Webb did contact the defendant, Henry B. Rainbolt, and arranged with him, the said Rainbolt, to assist them in finding a buyer for the said properties so listed. That at the same time of the contract with the said Rainbolt, another person, to-wit, Edw. Ashlock, contacted and interested in the finding of a buyer for said properties and as result of such contact so referred to, an agreement was made by said plaintiffs and the said Rainbolt and the said Ashlock, that they would endeavor to find a buyer for the said properties and work and associate together in an effort to find a buyer for said properties so listed with the said Jones, as hereinbefore mentioned with the oral agreement made between them, that if a buyer was found by them or any of them and said properties were sold, they would divide the commission to be paid for such services, share and share alike between these plaintiffs and the said Rainbolt and the said Ashlock.

That in pursuance of said listing and said agreement so made, the said Rainbolt did interest a buyer or prospective buyer for said properties, caused the same to be shown to the said buyer and did set on foot negotiations for the sale of said properties which culminated in a sale of the said prop-

erties so orally listed with the said Jones by the said Buckler to the person so found by the said Rainbolt, and contract of sale was entered into by the said Pepper and the said buyer and all persons interested therein, by the terms of which said contract, said property was sold at a CONSIDERATION of $41,500.

That plaintiffs do not know the terms of said contract, the details of the same, or by whom same was signed, and cannot set out a copy thereof, but same is peculiarly within the knowledge of the said defendants and each and all of them.

That by reason of the above and foregoing, the said plaintiffs and their associates were the primary and producing cause of said sale of said properties in finding a person who was ready, willing and able to buy the same upon the terms agreeable and satisfactory to the said defendants, Pepper and Buckler, acting by them and through the said Rainbolt through the agreement made by them and agreed upon, and by reason thereof the defendants, Joseph E. Pepper and the said Claude V. Buckler, became and are indebted to these plaintiffs in a sum equal to 5 percent of the purchase and sale price of said properties so sold, which sum is the fair and reasonable value for such service, no part of which has been paid.

Plaintiffs further state that, notwithstanding the oral agreement made by them with the said Rainbolt as to the equal division of the commission for the sale of said properties, the said Rainbolt has and does now refuse to acknowledge his liability to divide said commission with the plaintiffs and the said Ashlock and has attempted, wrongfully and willfully, to defeat the plaintiffs and the said Ashlock out of their just share and proportion of said commission, and did institute the action so brought by him as hereinbefore mentioned against the said Pepper claiming to be the sole owner of said commission and to defeat the plaintiffs in their lawful claim thereto, and ever since the filing of the action, has and does now deny any liability to these plaintiffs and refuses to acknowledge the rights of the plaintiffs therein, all in violation of their agreement so made and the rights of plaintiffs to their share of said commission.

Plaintiffs further state that they do not know the relations or dealings that exist as between the said Pepper and the said Buckler and the said Rainbolt as to the payment of the commission so claimed by them, but verily believe and therefore allege the facts to be that the bringing of the action as filed by the said Rainbolt against the said Pepper is a part of a plan to cheat, wrong and defraud these plaintiffs of their just share in and to said commission.

That in the event it be determined that said Pepper is the sole owner of the physical properties herein referred to and that the said Buckler has no interest therein, plaintiff demand judgment against the said Pepper for the commission by reason of the oral listing of said property by the said Buckler, and that judgment be found and determined that said Buckler at the time of the oral listing of said property was the duly authorized agent of the said Pepper, clothed with authority to do the things done by him with the said Jones in orally listing the properties and the oral agreement to pay a fair and reasonable commission for same. In the event it be determined

that said Pepper and the said Buckler were partners and joint owners of said properties, that judgment be rendered against the said Buckler in the proportionate share as may be found due and owing from him the said Buckler for the sale of said property here referred to.

That the defendant Pepper and the said Buckler have been advised of the claims on the part of the said plaintiffs to said commission, by the filing of the motion and application asking to be permitted to intervene and by oral demand on the said Buckler for payment.

WHEREFORE, plaintiffs pray judgment in the alternative against the said Pepper for the full amount of the commission in said sum equal to five percent of the sale price, to be apportioned one-half to plaintiffs herein, in the event he be determined to be the sole owner of said property so sold, and in the event it be determined that he and the said Buckler were partners and joint owners of said property, that judgment be rendered against the said Pepper and the said Buckler for said commission, and that judgment be decreed that the defendant Rainbolt is not the owner of the entire commission and not entitled to a full share thereof, and if commission be ordered paid, that the same be apportioned among plaintiffs and their associates as herein set forth. And that they recover their costs and have such other and further relief as may be proper.

(Signed) OWEN SAMUEL,<br>O. C. ZWICKER,<br><em>Attorneys for Plaintiff.</em>