No. 38,030

Louise Cooley, *Appellee,* v. Vernon Shepherd and Moneta Shepherd, *Appellants.*

(225 P. 2d 75)

Opinion filed December 9, 1950.

Dale M. Bryant, of Wichita, argued the cause, and Morris H. Cundiff, John C. Frank, Garner E. Shriver and Glenn J. Shanahan, all of Wichita, were with him on the briefs for the appellants.

No appearance for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an injunction action. The appeal is from two orders of the district court, one overruling defendants' motion to dissolve a restraining order and to deny a temporary injunction and the other overruling their demurrer to the plaintiff's petition.

The issues involved must stand or fall upon the contents of the petition. For that reason such pleading will be quoted *in toto*. It reads:

"1. That the plaintiff resides at 2605 North Arkansas, Wichita, Sedgwick County, Kansas, a more particular description of said property being as follows, to-wit: (Here follows description of premises).

"2. That said property was formerly owned by the plaintiff's deceased husband, E. H. Cooley, and that the said E. H. Cooley died intestate at Wichita, Kansas, on or about May 7, 1933, leaving as his only heirs at law the plaintiff, his widow, and the defendant, Moneta Shepherd, his daughter.

"3. That there has been no administration of the estate of the said E. H. Cooley, and that no administration is necessary.

"4. That said property was the homestead of the said E. H. Cooley and this plaintiff prior to and at the time of his death and has continued to be the homestead of the plaintiff ever since and is still her homestead, and that she has the right to possession of the same.

"5. That approximately eight years ago, the exact date now being unknown to this plaintiff, the defendant, Moneta Shepherd, who is the daughter of the plaintiff, and the defendant, Vernon Shepherd, who is the husband of the defendant, Moneta Shepherd, also moved into and upon said property and continue to reside there.

"6. That on numerous and repeated occasions during the past eight years and up to the present time, the defendants, and each of them, have mistreated, abused and threatened the plaintiff, in that they have cursed at her, attempted to restrict her quarters, told her that they hoped she died, shook their fists in her face, told her that they were going to have her adjudged insane, and have by other remarks and actions attempted to force the plaintiff from said property and interfered with her possession of the same.

"7. That the plaintiff has on numerous and repeated occasions requested the defendants to cease so mistreating, abusing and threatening her, and to move out of her home, but the defendants continue to mistreat, abuse and threaten the plaintiff, as heretofore alleged, and refused and still refuse to move from said property.

"8. That the plaintiff is seventy-three years of age and in ill health, and that she is unable to bear further mistreatment, abuse and threats by the defendants without serious and irreparable damage to her physical and mental condition.

"9. That she believes the defendants will continue to mistreat, abuse and threaten her so long as they continue to reside in said property.

"10. That said actions of the defendants constitute a nuisance; that the

plaintiff has no adequate remedy at law; and by that reason of the foregoing, the plaintiff is entitled to have the defendants, and each of them, restrained and enjoined from mistreating, abusing and threatening her and from continuing to reside in said property and from interfering with her possession of the same.

"Wherefore, the plaintiff prays that she be granted a restraining order, temporary injunction and permanent injunction restraining and enjoining the defendants, and each of them, from mistreating, abusing and threatening her and from continuing to reside in said property so long as the same remains the homestead of the plaintiff, and from interfering with the plaintiff's possession of said property; that she have such further equitable relief as to the Court may seem proper, and that she have judgment for the costs of this action."

At the time of the filing of the foregoing pleading the district court issued a restraining order. Pertinent portions thereof read:

"IT IS FURTHER ORDERED that in the meantime and until the further order of the Court, the defendants be and they are hereby restrained and enjoined from mistreating, abusing, threatening or in any other manner molesting the plaintiff and from interfering with her possession of the property known as 2605 North Arkansas, Wichita, Kansas, and more particularly described in said petition."

On the same date the district court granted the restraining order it directed that the application for a temporary injunction be heard on October 7, 1949. For some reason that hearing was not held and so far as the record discloses no temporary injunction has ever been granted by the district court.

Following the action by the court, as heretofore related, the defendants moved to dissolve the restraining order and deny a temporary injunction on grounds (1) the court was without jurisdiction, (2) the petition did not state facts sufficient to authorize the issuance of an injunction, and (3) the plaintiff had an adequate remedy at law. This motion was overruled and the defendants were given ten days to plead to the petition. Defendants then demurred to the petition on grounds (1) it disclosed upon its face the court had no jurisdiction of the subject of the action and (2) it failed to state facts sufficient to constitute a cause of action against the defendants and in favor of plaintiff. This demurrer was overruled. Thereafter the defendants perfected this appeal.

At the outset the issues can be simplified by stating the only ground of the appeal requiring attention is the one involving the order overruling the demurrer to the petition. Our decisions are all to the effect there can be no appeal from an order vacating or refusing to vacate a mere restraining order (*Smith v. City of Kansas*

*City,* 167 Kan. 684, 208 P. 2d 233, and cases there cited). We doubt there is any authority under our statute G. S. 1935, 60-3302, for an appeal from an order denying a defendant's motion to deny a temporary injunction. However, the point need not be labored or decided. The very most that can be said for it is that it challenges the sufficiency of the petition and hence raises the same questions as the demurrer.

The appellants insist that an examination of the petition discloses this is an action between two tenants in common, namely, the appellee and her daughter, Moneta Shepherd, who own and, with equal rights of possession, are in the joint possession of the involved real estate, wherein one cotenant, the appellee, asserts a homestead interest and seeks to enjoin and exclude the other cotenant and her husband, the appellants, from possession of the property. If this were all that is to be found in the petition there would be much merit in appellants' claim respecting the failure of the challenged pleading to state a cause of action for injunctive relief. We have no quarrel with the rule (*Cole v. Coons,* 162 Kan. 624, 178 P. 2d 997) that when real property is owned by tenants in common, with equal rights of possession, one cotenant cannot establish a homestead right therein as against the interests of other cotenants. The trouble with appellants' position is that they fail to recognize and give force and effect to other allegations of the petition.

Upon careful analysis of the petition which, we pause to note was never attacked by motion to make more definite and certain, it clearly appears (see ¶¶ 6 and 10) that one of the grounds on which appellee based her cause of action for injunctive relief was interference by the appellants with her right to possession of the premises. In this connection it is interesting to note that she not only prayed for relief of that character but that her request with respect thereto was recognized by the trial court which, in issuing its restraining order, merely enjoined the appellants from interfering with her possession of the property.

The legal principles applicable to determination of sufficiency of a pleading on demurrer are so well established by our decisions as to hardly require restatement. They are well defined in *Downey v. Phillips,* 137 Kan. 362, 20 P. 2d 453, where it was held:

"Where a demurrer is filed to a petition on the ground that it does not state a cause of action, without first presenting a motion to have the allegations of the petition made more definite and certain, the allegations of such petition will be liberally construed in favor of the pleader.

"A petition containing the necessary allegations to advise the defendant of the claim against him and of the relief demanded is good on demurrer although stated in an awkward and unskillful manner." (Syl. ¶¶ 1, 2.)

See, also, *Owens v. Deutch,* 156 Kan. 779, 137 P. 2d 181; *Jones v. Rainbolt,* 162 Kan. 353, 176 P. 2d 855, and cases there cited to the same effect.

The fact that appellee asked for more relief than that to which she may be entitled under the existing facts and circumstances as pleaded did not make her petition subject to demurrer.

Long ago in *Updegraff v. Lucas,* 76 Kan. 456, 93 Pac. 630, we held:

"A petition which otherwise states a cause of action is not subject to a demurrer for the reason that it seeks to recover more or different relief than that to which plaintiff is entitled." (Syl. ¶ 1.)

See, also, *Atherton v. Goodwin,* 163 Kan. 22, 29, 180 P. 2d 296; *Joint Consolidated School Dist. No. 2 v. Johnson,* 163 Kan. 202, 210, 181 P. 2d 504.

It must be remembered, as we have heretofore indicated, that as a tenant in common the appellee had the same rights to possession of the premises described in her petition, and to each and every part thereof, as the appellants. By course of conduct set forth in the petition, she charged the appellants with having attempted to restrict her quarters and having interfered with her possession of the premises. That proof of such interference would entitle her to injunctive relief cannot be questioned. Therefore, when tested by the foregoing rules, we believe a careful analysis of the allegations of the petition, even though they were not as definite and certain as they might have been and notwithstanding they asked for more relief than appellee may have been entitled to, compels the conclusion the trial court did not err in overruling that portion of the demurrer based on the ground the petition failed to state a cause of action for injunctive relief.

From the conclusion just announced it necessarily follows the court did not err in overruling the first ground of the demurrer challenging jurisdiction of the trial court over the subject matter of the action. It should be noted, however, appellants' entire argument on this point is predicated upon the premise the petition shows upon its face appellee had an adequate remedy at law, namely the right to partition the real estate. The answer to this argument is obvious. The involved property had been the home of the appellee

for many years. For sentimental reasons, or others which need not be mentioned, she may have desired to continue to occupy it as such. If so, she had a right to enjoin the appellants from interfering with her rights of possession without resorting to some other action which might result in complete loss of the home in which she had lived for so long.

We fail to find anything in the record to warrant a reversal of the trial court's action in overruling the demurrer to the petition. The result is its judgment must be affirmed.