No. 38,699

MARTIN STUCKEY, *Appellant*, v. LLOYD SHULTZ, *Appellee*.

(245 P. 2d 1197)

Opinion filed July 3, 1952.

B. A. *Earhart*, of Hutchinson, argued the cause and Aubrey *V. Earhart*, of Hutchinson, was with him on the briefs for the appellant.

J. *Richards Hunter*, of Hutchinson, argued the cause, and Walter *F. Jones* and Harry *H. Dunn*, both of Hutchinson, and Paul *R. Wunsch* and Charles *H. Stewart*, both of Kingman, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: Plaintiff brought this action to recover damages for injuries sustained to his person and property as the result of an automobile collision at a public highway intersection. Without other attack defendant demurred to the petition on the ground it failed to state a cause of action. The trial court sustained such demurrer and the appeal is from that ruling.

The only portion of the challenged pleading required for a decision on the issues involved on appellate review reads:

"Plaintiff says that on or about the 24th day of October, 1949, while he was driving his pick up truck on a public road east of Varner in Kingman County, Kansas, his pick up truck was struck by the car driven by the Defendant. He further states his truck was damaged beyond repair and is practically worthless and he was seriously injured. Said defendant was driving a powerful car at a high rate of speed and without any regard for the laws of the State of Kansas or rules of the road, and willful violation of said laws of the State of Kansas and rules of the road. Plaintiff says that defendant's car was driven negligently, recklessly and carelessly by defendant at a high rate of speed and as it approached the intersection where plaintiff's truck had entered, that he did not slow down and struck said truck, and wrecked this truck, and seriously injured the plaintiff."

At the outset it should be stated that when a petition is attacked by a demurrer on the sole ground it fails to state facts sufficient to constitute a cause of action, without first having presented and obtained a ruling on a motion to make its allegations more definite and certain, there can be no question respecting the rule to be recognized and applied by this court in testing its sufficiency.

Early in its history this state adopted the statutory rule of liberal construction of pleadings. G. S. 1949, 60-736, reads:

"In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties."

This court, in construing the above statute and in determining the force and effect to be given its terms, has repeatedly announced and consistently adhered to the rule to be followed under the conditions and circumstances here involved.

See, e. g., *Downey v. Phillips,* 137 Kan. 362, 20 P. 2d 453, which holds:

"Where a demurrer is filed to a petition on the ground that it does not state a cause of action, without first presenting a motion to have the allegations of the petition made more definite and certain, the allegations of such petition will be liberally construed in favor of the pleader.

"A petition containing the necessary allegations to advise the defendant of the claim against him and of the relief demanded is good on demurrer although stated in an awkward and unskillful manner." (Syl. ¶¶ 1, 2.)

See, also, *Owens v. Deutch,* 156 Kan. 779, 137 P. 2d 181, where it is said:

"Where the substantial facts which constitute a cause of action are stated in a petition, or can be inferred by reasonable intendment from the matters

which are set forth, although the allegations of those facts are imperfect, incomplete and defective, the proper mode of correction is not by a demurrer to the petition but by a motion before the trial to make the averments of such petition more definite and certain by amendment." (Syl. ¶ 1.)

For more recent cases citing the foregoing decisions and approving the rule therein announced see *Jones v. Rainbolt,* 162 Kan. 353, 176 P. 2d 855; *Campbell v. Kansas Power & Light Co.,* 165 Kan. 134, 193 P. 2d 177; *Cooley v. Shepherd,* 170 Kan. 232, 225 P. 2d 75; *State, ex rel., v. Leopold,* 172 Kan. 371, 373, 240 P. 2d 138.

Other decisions dealing with the general subject and to the same effect will be found in Hatcher's Kansas Digest, Pleading, §§ 35, 37, also West's Kansas Digest, Pleading, §§ 26, 34(1), (3).

The burden of all arguments advanced by appellee in support of his position the petition fails to state a cause of action is predicated upon the premise that pleading fails to contain any allegations of fact charging him with actionable negligence and that even if it does it fails to allege such negligence was the proximate cause of the collision. We are unable to agree with either of those contentions.

Conceding the allegations of fact set forth in the petition are awkwardly stated and of such character they may even be said to be imperfect, incomplete and defective, we are nevertheless convinced that when construed in the light of the established rule, to which we have heretofore referred, such allegations advise appellee of the claim appellant was making against him and that inferred from them by reasonable intendment are statements of fact to the effect that while driving his automobile on the highway at a high rate of speed appellee approached and entered a highway intersection, which appellant had already entered, without reducing such rate of speed and as a result struck appellant's truck, thereby causing injury and damage to the latter's person and property. So construed, in the absence of a motion to make it more definite and certain, the petition was sufficient as against a demurrer based on the ground it failed to state a cause of action. This, we may add, is so notwithstanding such pleading contains no express allegation charging appellee's negligence was the legal and proximate cause of the accident. This jurisdiction is committed to the rule that no particular form is required with respect to such an allegation and that it is only necessary the facts pleaded disclose that the negli-

gence relied on was the legal and proximate cause of the injuries sustained by the party who seeks recovery.

In conclusion it should be stated it would serve no useful purpose to here cite or discuss the many decisions relied on by appellee's capable and industrious counsel. It suffices to say those decisions have all been considered and that among them we have failed to find any case warranting a conclusion that under the existing conditions and circumstances it would be proper to sustain a demurrer to the instant petition.

The judgment of the trial court is reversed with directions to set aside its ruling sustaining the demurrer.