No. 43,546

DONNA REDMOND, *Appellant,* v. HENRY H. MEIER, *Appellee.*

(391 P. 2d 39)

Opinion filed April 11, 1964.

G. *Leroy Warner*, of Wichita, argued the cause, and *Laurence S. Holmes* and *T. L. O'Hara*, both of Wichita, were with him on the briefs for the appellant.

*Harold G. Forbes*, of Eureka, argued the cause, and *Thos. C. Forbes*, *George Forbes*, and *Dale L. Pohl*, all of Eureka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a judgment sustaining a demurrer to a second amended petition for the reason that pleading was filed after the cause of action was barred by the statute of limitations and the original petition did not state a cause of action.

The issue before us can best be presented if we first consider the procedure resulting in the judgment.

On July 14, 1961, plaintiff filed her petition alleging that she had sustained injuries due to the negligence of the defendant. A motion to make definite and certain and to strike was lodged against the petition. The motion was sustained in part and overruled in part. On February 27, 1962, the plaintiff filed her first amended petition. Again a motion to make definite and certain and to strike was sustained in part and overruled in part.

Plaintiff filed her second amended petition on September 14, 1962. Defendant demurred to such pleading on the ground it did not state facts sufficient to constitute a cause of action against him. Thereupon, plaintiff moved the court for an order allowing her to amend the second amended petition by setting forth the width and surface of the roads at the intersection where the collision occurred and to allege definitely the point of collision between the vehicles. The court permitted these amendments. Defendant then orally moved for permission to amend his demurrer to include the additional ground that plaintiff's second amended petition, as amended, did not state a cause of action because of the running of the statute of limitations. This motion was sustained and the amendment to the demurrer was allowed. Subsequently, and on November 23, 1962, the demurrer was sustained as per the court's memorandum opinion attached to the order.

In a memorandum opinion, dealing with the question whether the second amended petition related back to the original petition, the trial court stated:

". . . The trouble with this argument is that plaintiffs had not stated a cause of action imperfectly. They had not stated a cause of action at all and, therefore, there was nothing to amplify. In this connection, it may be noted that the amendment when finally made was not in response to an existing motion or a recently made motion on the part of the defendant, but was made long after the defendant gave up his attempt to secure the required information and had filed his demurrer. There is some question in my mind that the amendment made after the second amended petition was filed is sufficient yet to cause it to state a cause of action, but it does not seem necessary to go into that question. In view of what has been written above, it is the opinion of the court that the demurrers to the second amended petitions filed and as amended should be sustained."

The trial court's statement, in the same opinion, as to why the original petition did not state a cause of action reads:

". . . It is noted that certain conclusions of the plaintiffs did use the word collision, but only in stating a conclusion. These conclusions were ordered stricken. There was no indication as to what collided or any of the circumstances of any collision. It was not indicated whether the vehicles collided with each other or with some third vehicle or with some possible stationary object. Generally speaking, the Kansas Supreme Court has, upon many occasions, ruled that conclusions in pleadings are not allegations stating any part of a cause of action unless they are properly predicated upon the definite acts or omissions set forth in the pleadings. . . ."

In view of the statements made by the trial court in its opinion it is necessary that we examine the original petition for the purpose of determining whether that pleading stated a cause of action.

Omitting formal averments identifying the parties, allegations as to the extent and nature of the injuries sustained and the prayer, the original petition alleged:

"III.

"That on or about the 29th day of July, 1959, at approximately 2:30 in the afternoon the Plaintiff was driving a 1957 station wagon east on a county road approaching an intersection with a side road, which side road intersects said county road from the north only. Said side road coming to a dead end and not extending to the south of the county road on which the Plaintiff was traveling. This dead end intersection is at a point approximately two miles south and one mile west of the city limits of Fall River Kansas.

"IV.

"That at the same time the Defendant, Henry H. Meier was driving his 1946 Chevrolet truck south on said side road approaching the aforementioned dead end intersection, and the Defendant, Henry H. Meier, did, without yielding the right of way, drive his truck into said county road and did start to make a left turn in front of the Plaintiff's oncoming automobile.

"v.

"That the Defendant, Henry H. Meier, was operating his vehicle in a careless and reckless manner in disregard of the rights of the Plaintiff and the safety of other persons on the highway, contrary to the statutes of the State of Kansas, and to the common law rights of the Plaintiff; that the injuries sustained by the Plaintiff were the direct and proximate result of the negligence of the Defendant in the following particulars:

"a. In negligently and carelessly failing to keep a proper lookout for other vehicles, and particularly the vehicle driven by the Plaintiff.

"b. In driving at a reckless, unsafe rate of speed under the circumstances.

"c. In failing to exercise due care so as to stop or alter the course of his truck to avoid the collision after he saw, or in the exercise of due care should have seen, the necessity of so doing.

"d. In failing to equip said truck with proper brakes, or in failing to apply the brakes in time to avoid the collision after he saw, or in the exercise of due care should have seen, the necessity of so doing.

"e. In negligently and carelessly driving into an intersection of a through roadway in front of the oncoming car which the Plaintiff was driving.

"f. In failing to have his vehicle under proper control.

"g. In improperly turning at an intersection in violation of G. S. K. 1949, 8-544(b).

"h. In negligently and carelessly approaching and entering an intersection in violation of G. S. K. 1949, 8-550(a) and (b).

"i. In negligently entering a highway from a roadway in violation of G. S. K. 1949, 8-553."

This court has announced in numerous cases that where the original petition imperfectly alleges a cause of action without sufficient detail the averments may be amplified by an amended petition and the amended petition will relate back to the original if filed after the statute of limitations had run. In *Foster v. Humburg,* 180 Kan. 64, 299 P. 2d 46, the court stated:

"It is a well-established rule in this state that where the original petition alleges a cause of action but does so imperfectly and with insufficient detail, and the additional allegations of an amended petition are only an enlargement and amplification of the averments of the original by setting out more definitely that which was previously imperfectly pleaded and do not set up a new cause of action, the fact that the statute of limitations has run when the amended petition is filed is not a bar to recovery, for in such case the amended petition relates back to the date of filing of the original one. (*Smith v. LaForge,* 170 Kan. 677, 228 P. 2d 509; *Talbott v. Farmers Union Co-op Elevator,* 174 Kan. 435, 439, 256 P. 2d 856; *Sundgren v. Topeka Transportation Co.,* 178 Kan. 83, 283 P. 2d 444; *Maddox v. Neptune,* 175 Kan. 465, 264 P. 2d 1073.) The court erred in sustaining defendants' demurrers to plaintiffs' amended petitions." (p. 69.)

For another decision of like import see *Rudy v. Whaley,* 188 Kan. 118, 360 P. 2d 863.

Before considering the specific allegations of the original petition for the purpose of determining whether it states a cause of action to which the amended petition relates back, consideration must be given to the general rules which govern its construction.

For present purposes, the original petition must be construed under the same rules as it would be construed had it been challenged by a general demurrer without a motion to make definite and certain having been lodged against it. The rule, sometimes applied, that the allegations of a petition will be strictly construed against the pleader where a proper motion to make definite and certain has been successfully resisted, has no application in considering the question before us. The rule applies only in considering the sufficiency of the amended petition, as against a demurrer, after the original petition, which stated a cause of action under the rule of liberal construction but without sufficient detail, has been motioned. The allegations of the petition must be liberally construed.

In *Carpenter v. Strimple,* 190 Kan. 33, 372 P. 2d 571, we said:

"Where—as here—a challenged pleading is subject to a liberal construction a demurrer admits all well pleaded facts and its allegations must be liberally construed in favor of the pleader and all reasonable inferences to be drawn therefrom must be indulged in his favor (Hatcher's Kansas Digest [Rev. Ed.], Pleading, §§ 35, 155; West's Kansas Digest, Pleading, §§ 34 [1], 214 [2])." (p. 37.)

It is not proper to segregate allegations and determine their sufficiency. Regard must be given to the context of the entire pleading and all allegations considered together. See *Kitchen v. Smith,* 184 Kan. 188, 334 P. 2d 413; *Hickert v. Wright,* 182 Kan. 100, 319 P. 2d 152; *Fyne v. Emmett,* 171 Kan. 383, 233 P. 2d 496.

Finally, and most important, the general conclusions of fact, which are not challenged by a motion to make definite and certain, are admitted by a demurrer.

In *Stuckey v. Shultz,* 173 Kan. 343, 245 P. 2d 1197, we held:

"Following the rule that as against a general demurrer a petition must be liberally construed where no motion has been filed asking that its allegations be made more definite and certain it is held that it was error for the trial court to sustain the demurrer to a petition, the material portions of which are set out in the opinion, without such a motion having been first filed and called to its attention." (Syl.)

And in the opinion said:

"At the outset it should be stated that when a petition is attacked by a demurrer on the sole ground it fails to state facts sufficient to constitute a cause of action, without first having presented and obtained a ruling on a motion to make its allegations more definite and certain, there can be no question respecting the rule to be recognized and applied by this court in testing its sufficiency.

"Early in its history this state adopted the statutory rule of liberal construction of pleadings. G. S. 1949, 60-736, reads:

" 'In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties.'

"This court, in construing the above statute and in determining the force and effect to be given its terms, has repeatedly announced and consistently adhered to the rule to be followed under the conditions and circumstances here involved.

"See, e. g., *Downey v. Phillips*, 137 Kan. 362, 20 P. 2d 453, which holds:

" 'Where a demurrer is filed to a petition on the ground that it does not state a cause of action, without first presenting a motion to have the allegations of the petition made more definite and certain, the allegations of such petition will be liberally construed in favor of the pleader.

" 'A petition containing the necessary allegations to advise the defendant of the claim against him and of the relief demanded is good on demurrer although stated in an awkward and unskillful manner.' (Syl. ¶¶ 1, 2.)

"See, also, *Owens v. Deutch*, 156 Kan. 779, 137 P. 2d 181, where it is said:

" 'Where the substantial facts which constitute a cause of action are stated in a petition, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of those facts are imperfect, incomplete and defective, the proper mode of correction is not by a demurrer to the petition but by a motion before the trial to make the averments of such petition more definite and certain by amendment.' (Syl. ¶ 1.)

"For more recent cases citing the foregoing decisions and approving the rule therein announced see *Jones v. Rainbolt*, 162 Kan. 353, 176 P. 2d 855; *Campbell v. Kansas Power & Light Co.*, 165 Kan. 134, 193 P. 2d 177; *Cooley v. Shepherd*, 170 Kan. 232, 225 P. 2d 75; *State, ex rel., v. Leopold*, 172 Kan. 371, 373, 240 P. 2d 138.

"Other decisions dealing with the general subject and to the same effect will be found in Hatcher's Kansas Digest, Pleading, §§ 35, 37, also West's Kansas Digest, Pleading, §§ 26, 34 (1), (3)." (pp. 344, 345.)

When the allegations of the original petition are considered in the light of the foregoing rules of construction we are forced to conclude that a cause of action was stated in that pleading, albeit imperfectly. Subparagraphs a to i of paragraph V thereof set out the general allegations of negligence. Paragraphs III and IV definitely informed the defendant where and how the accident oc-

curred. And subparagraphs c and d of paragraph V informed him that a collision did result from his negligence. The only reasonable inference that can be drawn from these allegations, when considered together, is that the defendant collided with plaintiff's automobile.

Finally it must be determined whether the second amended petition states a cause of action. Without extending this opinion, by setting out its lengthy allegations, we do not hesitate to conclude that it does.

Defendant directs our attention to *Arensman v. Kitch,* 160 Kan. 783, 165 P. 2d 441, which holds:

"After a motion to make a pleading more definite and certain has been sustained and later such pleading has been amended the allegations of the amended pleading with respect to matters on which the original pleading was motioned will be strictly construed and given the construction which is most unfavorable to the pleader." (Syl. ¶ 3.)

We recognize the rule above stated but doubt if it has application under the facts of this particular controversy. The record discloses that plaintiff has never challenged the general allegations contained in subparagraphs a to i of paragraph V of the petition by motion to make definite and certain.

In *Garrison v. Hamil,* 176 Kan. 548, 271 P. 2d 307, we said:

"It appears the fact appellee was required to stop by an improperly operating warning signal is the only negligent act with which appellant is charged. Appellant asserts that is not an averment of fact but a conclusion. Although a motion to make the petition definite and certain was lodged and overruled that particular allegation was not motioned. *Under varying pleadings it has been held an allegation not challenged by motion is admitted for purposes of a demurrer even though it may be in the nature of a conclusion of fact.* (*Brock v. State Highway Comm.,* 157 Kan. 252, 258, 139 P. 2d 811; *Rogers v. Beiderwell,* 175 Kan. 223, 262 P. 2d 814.) In any event we find nothing particularly wrong with the allegation as a statement of fact. However, whether that allegation constitutes a cause of action against appellant is the question to be determined in the light of the entire petition." (p. 550.) (Emphasis supplied.)

Be that as it may, under the confronting facts and circumstances, we are convinced the second amended petition states a cause of action whether it is liberally or strictly construed. The supplement or amendment to the second amended petition took care of the trial court's suggestion that "There was no indication as to what collided or any of the circumstances of the collision." It reads:

"That the Defendant did drive his vehicle into the left front side of the Redmond vehicle at a point near the east edge of said intersection; that the

said collision and the injuries and damages inflicted upon the Plaintiffs were the direct and proximate result of the negligence of the Defendant in the following particulars:"

Based on what has been heretofore stated and held, we are satisfied and therefore hold: (1) That the original petition alleged a cause of action even though imperfectly and without sufficient detail. (2) That the amended petitions only enlarged and amplified the allegations of the original petition, and no new theory or cause of action was stated. (3) That the fact the statute of limitations had run at the time the amended petitions were filed is not a bar to recovery, as the second amended petition relates back to the filing of the original petition.

It necessarily follows that the district court erred in sustaining the demurrer to the second amended petition and that its judgment sustaining such demurrer must be reversed with instructions to set it aside.

It is so ordered.

FONTRON, J., not participating.