No. 43,755

WARREN W. WAGONER, *Appellant*, v. MAIL DELIVERY SERVICE, INC., a Kansas Corporation, *Appellee*.

(394 P. 2d 119)

Opinion filed July 14, 1964.

*Warren W. Wagoner*, of Topeka, argued the cause, and *Milford M. Magee*, also of Topeka, was with him on the brief for the appellant.

No appearance for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action to recover the face value of stock certificates or the actual value thereof upon the defendant corporation's refusal and neglect to issue stock certificates or recognize the plaintiff as a stockholder of the corporation. Appeal has been duly perfected from an order of the trial court sustaining a demurrer to the petition.

The only question is whether the petition states a cause of action.

The petition alleges that Mail Delivery Service, Inc. (defendant-appellee) is a Kansas corporation operating under and by virtue of the laws of the state of Kansas with its resident office in Topeka, Kansas. · It further alleges that Warren W. Wagoner (plaintiff-appellant) acquired stock certificates representing ten shares of $100 par value per share in the appellee corporation on July 13, 1962; that the appellant subsequently surrendered said stock certificates, each of which was properly signed and endorsed by the owner thereof, to the corporation and made request upon it to reissue said stock to the appellant, and to make the corporate records available to the appellant for his inspection; and for the corporation to notify the appellant of stockholder meetings and board of director meetings; that notwithstanding such demands

upon the corporation, it has refused and neglected to issue its stock certificate representing ten shares of stock to the appellant and has refused and neglected to allow the appellant to inspect the corporate records and books, and has refused and neglected to notify the appellant of stockholder meetings and board of director meetings.

The petition further alleges damages and prays for judgment to recover the face value of the stock certificates or the actual value thereof, together with interest and costs.

On the 15th day of October, 1962, the appellee through counsel in the lower court filed a motion for an additional thirty days in which to plead. On December 11, 1962, the appellant moved for a default judgment, an order to appoint a receiver for the corporation, an order for an accounting, and to wind up the affairs of the corporation.

On December 21, 1962, the appellee filed a motion to file a demurrer out of time, and also filed a demurrer. On June 25, 1963, after having had the ruling under advisement for six months, the trial court sustained the demurrer.

In its journal entry sustaining the demurrer is the following recitation:

"The Court further finds that the plaintiff should have permission to amend his petition, if he so desires, to request the issuance of the stock to him, and upon failure of the corporation to issue the stock, the plaintiff should ask for market value of the shares involved."

The journal entry also gave the appellant ten days in which to amend his petition in accordance with the above suggestion.

Thereupon appeal was duly perfected to this court.

The appellant's abstract and brief was filed August 28, 1963, and on the 19th day of May, 1964, John A. Bausch, counsel for the appellee, was granted leave to withdraw as counsel in the case, subsequent to which the corporation has not been represented by counsel in this court.

G. S. 1949, 60-736, applicable to the instant case, provides that in the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties.

The court has expounded upon this statute in *Downey v. Phillips,* 137 Kan. 362, 20 P. 2d 453; *Owens v. Deutch,* 156 Kan. 779, 137 P. 2d 181; *Jones v. Rainbolt,* 162 Kan. 353, 176 P. 2d 855; *Campbell v.*

*Kansas Power & Light Co.,* 165 Kan. 134, 193 P. 2d 177; *Cooley v. Shepherd,* 170 Kan. 232, 225 P. 2d 75; and *Stuckey v. Shultz,* 173 Kan. 343, 245 P. 2d 1197.

The petition alleges in effect that the corporation accepted surrender of the appellant's stock certificate and thereafter refused and neglected to reissue a certificate, representing the appellant's interest in the corporation, to the appellant. At no time did the corporation recognize the appellant as a stockholder or interest holder in the corporation. Liberally construed, the acts and failure to act on the part of the corporation and its refusal to recognize the appellant as a *bona fide* stockholder of the corporation, as alleged, constituted a conversion of the appellant's stock by the corporation. By reason of such conduct, if proved, the appellant is entitled to recover the value of the stock.

Accordingly, the judgment of the lower court is reversed.