(889 P.2d 804)
No. 71,408

TINY SAMPEL, *Appellant*, v. ROBERT BALBERNIE, *Appellee*.

**528**

Opinion filed February 10, 1995.

*Thea Rademacher* and *Stephen Kirschbaum* of Wyandotte-Leavenworth Legal Services, of Kansas City, for the appellant.

No appearance for the appellee.

Before BRISCOE, C.J., PIERRON, J., and RON ROGG, District Judge, assigned.

BRISCOE, C.J.: Tiny Sampel appeals the dismissal of her petition for injunctive relief under K.S.A. 60-901 *et seq.* to restrain Robert Balbernie from assaulting, harassing, and threatening her. We reverse the district court's dismissal of Sampel's claim for injunctive relief, conclude injunctive relief under 60-901 *et seq.* is a remedy available to Sampel, and further conclude her petition was not subject to dismissal for failure to state a claim upon which relief could be granted.

Sampel filed a petition seeking a temporary restraining order and an injunction. In her petition, Sampel requested that Balbernie be restrained and enjoined from continuing to harass or abuse her. She alleged Balbernie had "trespassed onto [her] property, forcibly entered her residence and assaulted and battered her." She also alleged she was unable to obtain adequate protection from the police because she did not have a restraining order. She further alleged that because of these actions by Balbernie and the inability or unwillingness of the police to assist her, she was in fear that unless enjoined Balbernie would continue to threaten, interfere with, or harm her, or disrupt the peace of her place of residence through verbal and physical acts. She alleged she had exhausted every other remedy at law known to her and that without the action of the court she would be without a remedy. The court entered a temporary restraining order and scheduled a hearing on the motion for injunction approximately three weeks later. Balbernie filed an answer alleging Sampel was attempting to use this action as a means of prohibiting his visitation of his minor child. Balbernie is Sampel's former boyfriend, and he alleges he is the father of her minor child.

At the hearing on the injunction, the district court ruled that Sampel was not entitled to relief under K.S.A. 1993 Supp. 60-906 because it did not apply to domestic disputes. The court stated Sampel had other available legal remedies, including filing a criminal complaint or seeking injunctive relief in a paternity action. The court then dismissed Sampel's petition for failure to state a claim upon which relief could be granted.

Sampel contends injunctive relief under 60-901 *et seq.* is available to protect an individual from harassment, assault, and threat by another. K.S.A. 60-901 defines "injunction" as "an order to do or refrain from doing a particular act. It may be the final judgment in an action, and it may also be allowed as a provisional remedy." In the present case, the injunction sought is not a provisional remedy intended to enjoin the commission or continuance of an act that is the subject of litigation between the parties, but rather it is the final judgment sought. This court has previously addressed what the movant must establish when seeking a provisional remedy through a temporary injunction. See *Wichita Wire, Inc. v. Lenox*, 11 Kan. App. 2d 459, 462, 726 P.2d 287 (1986). Whether injunctive relief is available to Sampel and what she must establish to obtain a permanent injunction are issues of first impression and issues of law subject to de novo review on appeal. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

The district court's inquiry into whether the parties had a business relationship suggests it may have been following the general rule formerly followed in other jurisdictions that injunctive relief was available to protect only property rights and not personal rights. However, that rule has been abandoned or relaxed in other jurisdictions. See 42 Am. Jur. 2d, Injunctions § 80. It has also been abandoned in Kansas. In *Foley v. Ham*, 102 Kan. 66, 73, 169 Pac. 183 (1917), the court held that injunctive relief is available to protect personal rights.

In the present case, injunctive relief under the divorce statutes (K.S.A. 1993 Supp. 60-1607[a][2]) and the Protection from Abuse Act (K.S.A. 60-3101 *et seq.*) is not available to Sampel because the parties have not lived together and are not married. See K.S.A. 1993 Supp. 60-3102. K.S.A. 60-3109 provides that pro-

ceedings under the Act are "in addition to any other available civil or criminal remedies." General injunctive relief under 60-901 *et seq.* is one of those other remedies. General injunctive relief is available to protect persons from continuing abuse, harassment, and threats. See *Cooley v. Shepherd*, 170 Kan. 232, 225 P.2d 75 (1950). General injunctive relief is available to protect persons who are victims of this type of treatment, including persons who experience this treatment in domestic relationships. See Gottlieb & Johnson, Reform in Kansas Domestic Violence Legislation, 31 Kan. L. Rev. 527, 560-62 (1983); *Webber v. Gray*, 228 Ark. 289, 307 S.W.2d 80 (1957); *Kramer v. Downey*, 680 S.W.2d 524 (Tex. App. 1984). However, our reversal of the dismissal of Sampel's action is required only if the petition alleged facts that, if proven, would entitle her to injunctive relief.

When reviewing a dismissal for failure to state a claim upon which relief can be granted, whether the dismissal was proper must be decided from the facts pleaded in the petition. Disputed issues of fact cannot be decided on a motion to dismiss for failure to state a claim. The question for determination is whether, when viewed in the light most favorable to plaintiff, and with every doubt resolved in plaintiff's favor, the petition states any valid claim for relief. The court must accept plaintiff's description of the facts, along with any inferences that may reasonably be drawn from them. Dismissal is warranted only when the allegations in the petition clearly demonstrate plaintiff does not have a claim. However, the court is not required to accept conclusory allegations on the legal effects of the facts alleged if they do not reasonably follow from the description of the facts, or if the allegations are contradicted by the description itself. See *Blevins v. Board of Douglas County Comm'rs*, 251 Kan. 374, 381, 834 P.2d 1344 (1992).

Injunctive relief is an equitable remedy. To obtain injunctive relief from a prospective injury, the movant must show: (1) there is a reasonable probability of irreparable future injury to the movant; (2) an action at law will not provide an adequate remedy; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4)

the injunction, if issued, would not be adverse to the public interest. See *Mid-America Pipeline Co. v. Wietharn*, 246 Kan. 238, 242, 787 P.2d 716 (1990); *Wichita Wire*, 11 Kan. App. 2d at 462; 11 Wright & Miller, Federal Practice and Procedure: Civil § 2942 (1973).

Mere apprehension or possibility of wrong or injury ordinarily does not establish a reasonable probability of future injury that will justify injunctive relief. See *Mid-America Pipeline*, 246 Kan. at 242. To obtain injunctive relief, it must clearly appear that some act has been done, or is threatened, which will produce irreparable injury. *U.S.D. No. 503 v. McKinney*, 236 Kan. 224, 227, 689 P.2d 860 (1984). A single assault or incident of harassment ordinarily will not justify injunctive relief. However, continuing or recurring conduct may be sufficient. See 42 Am. Jur. 2d, Injunctions § 134. A single violent act may be sufficient if it is accompanied by threats of future violence; recurrence may be reasonably probable, especially in domestic disputes. See 31 Kan. L. Rev. at 561.

Here, Sampel did not *expressly* allege repeated or continuing assaults, threats, or harassment by Balbernie, nor did she allege that he threatened future violence and harassment. But, when the allegation that Balbernie "has trespassed onto the plaintiff's property, forcibly entered her residence and assaulted and battered her" is read in the light most favorable to Sampel, her allegations can be read to allege repeated or continuing conduct. In addition, Sampel's allegation that Balbernie's actions and the inaction of the police placed her in fear that Balbernie would continue to harass, assault, batter, and threaten her is sufficient to allege a reasonable probability of future injury which would be irreparable.

The allegations that Sampel lacked an adequate legal remedy are also sufficient. An action for damages would be inadequate to prevent threatened physical harm. The allegation that the police were unable or unwilling to help her without a restraining order was sufficient to show that criminal prosecution was not an adequate remedy. See 31 Kan. L. Rev. at 561-62. The potential availability of a restraining order in a paternity action did not

establish an adequate legal remedy. No paternity action had been filed, and Sampel should not be required to file such an action to prevent assaults and harassment by Balbernie simply because he claimed to be the father of her child.

In reading Sampel's petition in the light most favorable to her, we must also conclude her initial allegations of physical harm and anticipated future physical harm are sufficient to outweigh Balbernie's alleged right to visit a child whose paternity has not been established. Finally, when viewed as a dismissal for failure to state a claim, the entry of an injunction prohibiting Balbernie from forcibly entering Sampel's property and assaulting and battering her would not be adverse to the public interest.

The district court's dismissal of the action for failure to state a claim upon which relief could be granted is reversed, and the case is remanded for further proceedings.