No. 25,839.

MABLE KYLE, *Appellant,* v. POSTAL TELEGRAPH-CABLE COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Liability for Injuries to Third Parties—Scope of Employment.* In an action to recover for personal injuries sustained by being run into by a bicycle ridden by a messenger boy of a telegraph company, the proceedings examined, and *held,* that at the time of the injury the messenger boy was not under the control of his employer nor in the performance of the duties of his employment.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed April 11, 1925. Affirmed.

*J. H. Brady,* and *T. F. Railsback,* both of Kansas City, for the appellant; *James T. Cochran,* of Kansas City, of counsel.

*John E. McFadden, O. Q. Claflin, Jr.,* both of Kansas City, *Raymond E. Watson, John B. Gage,* and *Henry N. Ess, Jr.,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one for damages for personal injuries sustained by the plaintiff by being run into with a bicycle by Loraine Vandewalker, a messenger boy of defendant company. A motion for judgment by defendant, notwithstanding a general verdict for the plaintiff, was sustained, and plaintiff appeals.

Kyle v. Postal Telegraph-Cable Co.

The facts were substantially as follows:  Loraine Vandewalker was a messenger boy for the defendant company, working from its substation near Eighth street and Minnesota avenue, Kansas City, Kan.  He rode his own bicycle.  The main office of the defendant company is at Eighth and Delaware streets, Kansas City, Mo., where reports from the substation are made, and communications sent each day in the regular course of business.  The communications consist of messages and copies of messages received, and a summary report, detailing receipts, called a "check of the office."  Vandewalker was under the authority and control of the operator in charge of the substation.  His ordinary working hours were from eight in the morning until five in the afternoon, though it was his business to report back to his office after the delivery of any message, even though the time was later than five o'clock.  When he first began work for the company he was instructed that the reports and communications from his office for the main office should be taken home in the evening, kept there over night, and delivered at the main office at eight o'clock the following morning.  From there he would go to his own office, ordinarily arriving about 8:20.  On the afternoon of Saturday, August 26, 1922, Vandewalker left his office about five o'clock and was going directly home.  As was his custom, he had with him the reports for the main office for delivery the following Monday morning.  At the intersection of Split-log avenue and Seventh street he collided with the plaintiff, causing the injury.

The question presented is whether, under the circumstances, the messenger boy at the time of the accident was acting within the scope of his employment.  While he had upon his person reports and copies of messages which he was taking to his home that evening for delivery to the main office upon the succeeding Monday morning, no directions were given him as to the route he must follow to his home, when he should arrive there, whether he should go there, or where he should deposit the reports and documents given him.  Except that he was to deliver the reports the following Monday according to his custom, he was no longer under the company's control, and that control did not again commence until he reported for duty the following Monday morning at eight o'clock at the main office.

In order to charge the employer with the negligent acts of his employee, the relation of master and servant must necessarily exist

at the time of the injury. While Vandewalker had in his custody the reports for the company, to be later delivered, actual work for the company had ceased for the day. He was free to go where he desired. He could use his own mode and route of travel. The defendant no longer controlled his movements. He might choose any route he desired to go home, or he might not go home at all. The plaintiff strenuously argues that Vandewalker's duties had not ceased; that a very important part of his work remained to be done after he left the office at five o'clock, and that was to take these important papers and put them carefully in his dresser drawer at home for safe-keeping until Monday morning. Of course if he was engaged in performing important duties for his master at the time of the accident the master would be liable. We are of opinion that the carrying of the report was merely incidental to his going home. So far as his master was concerned, he could have kept the report in his pocket and gone to spend Sunday with a friend. He was not, at the time of the accident, acting in the conduct of his master's business. (*Toadvine v. Sinnett,* 104 Kan. 111, 178 Pac. 401; *Mazeffe v. Railway Co.,* 106 Kan. 796, 180 Pac. 917; *Johnson v. City of Iola,* 109 Kan. 670, 202 Pac. 84.)

Therefore the defendant was not liable, and the court committed no error in sustaining the defendant's motion for judgment, notwithstanding the general verdict.

. The judgment is affirmed.