No. 36,631

GLEN WILLETT, *Appellant*, v. O. McCORMICK and D. O. McCOR-MICK, doing business as O. McCormick Rug Company, *Appellees.*

(170 P. 2d 821)

Opinion filed July 6, 1946.

*Randal C. Harvey,* of Topeka, was on the briefs for the appellant.

*Ralph W. Oman,* of Topeka, argued the cause, and *Robert Stone, James A. McClure, Robert L. Webb* and *Beryl R. Johnson,* all of Topeka, were on the briefs for the appellees.

The opinion of the court was delivered by

Smith, J.: This is an action for damages alleged to have been sustained when a truck driven by the agent of defendants collided with an automobile plaintiff was driving. Judgment was for the defendants sustaining a demurrer to the petition. Plaintiff has appealed.

The paragraph of the petition in which we are interested reads as follows:

"Plaintiff's automobile was struck by a truck which was traveling north on Van Buren street, which truck was owned by the defendants and negligently driven by the agent, servant and employee of the defendants. That the proximate cause of such collision was the carelessness and negligence of the driver of said truck, as hereinafter set out."

It will be noted the above paragraph states that the truck was owned by defendants and negligently driven by the agent, servant and employee of the defendants. Defendants' demurrer to the petition was sustained because it did not contain any allegation that the truck at the time of the collision was being driven on the business of defendants. The plaintiff argues that in the absence of a

motion to make more definite and certain a petition should be liberally construed in favor of the pleader. G. S. 1935, 60-704, provides, amongst other things:

"The petition must contain: . . .
"*Second.* A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition."

He argues that it has been repeatedly held only the ultimate facts upon which plaintiff bases his right to recover need be pleaded. It is true petitions are liberally construed when no motion has been directed against them, and it is also true that we construe pleadings with a view to do substantial justice between the parties. However, we have said many times that for one to recover on account of the negligence of the agent of defendant the agent must have been going about his master's business at the time of the injury. In *Halverson v. Blosser,* 101 Kan. 683, 168 Pac. 863, we held:

"An owner of an automobile is not liable for injuries caused in its operation by others, unless such others were servants or agents of the owner and acting in furtherance of his business." (Syl. ¶ 1.)

We said:

"Liability of Blosser arises, if at all, on the relation of master and servant or principal and agent, and depends upon whether the son was engaged in the father's business at the time of the accident, and was acting within the scope of his employment." (p. 685.)

Should we hold that this petition stated a cause of action we would be compelled to reverse what we held in *Ruff v. Farley Machine Works Co.,* 151 Kan. 349, 90 P. 2d 789. There we held that the petition stated a good cause of action because it alleged that an employee was using the defendant company's automobile at the time of the accident in furtherance of the business of the defendant company. The plaintiff obtained a verdict but it was set aside by the trial court because the court concluded as a matter of law that the agent was not at the time of the accident engaged in any duty for the defendant nor was he within the scope of his employment at the time. In the opinion we said:

"The liability of a master for the tortious acts of his servant is grounded upon the maxim of *respondeat superior* and is to be determined by considering, from a factual standpoint, the question of whether or not the tortious act was done while the servant was acting within the scope of his employment." (p. 355.)

See, also, *Daily v. Schneider*, 118 Kan. 295, 234 Pac. 951.

There are many authorities to the same effect.

It is true that in the absence of a motion to make definite and certain the petition should be given a liberal interpretation in favor of the pleader but where an ultimate fact necessary for recovery is omitted from the petition it cannot be supplied by inference. Should we hold that this petition stated a cause of action we would be holding out to the plaintiff the idea that when he had established the facts of the collision and that the driver of the truck that collided with the plaintiff's car was the employee of defendant, he would have established a prima facie cause of action. Such is not the law, as we have demonstrated.

The judgment of the trial court is affirmed.

HARVEY, C. J., not participating.

BURCH, J. (dissenting): I am unable to concur in the foregoing opinion. The long-established rule requiring liberality of construction of pleadings necessitates that every presumption and the inference shall be favorable to the pleader unless the point involved is attacked by an appropriate motion which is resisted and overruled. In the instant case the plaintiff below brought suit against the Mc-Cormick Rug Company and did not seek recovery against its agent, servant and employee as an individual. Consequently, the cause of action was predicated solely upon the alleged liability of the rug company—not upon the liability of its driver. It cannot be logically said, therefore, that the allegation reading "which truck was owned by the defendants and negligently driven by the agent, servant and employee of the defendants" was merely *descriptio personae* of such agent. In substance, the majority opinion holds that it is necessary for a pleader to anticipate a matter of defense. Liberally construed as it should be, the allegation was sufficient to raise the inference that at the time of the accident the truck, which was owned by the defendants, was being driven by their agent, servant and employee (in furtherance of the employers' business). If it was being driven by an individual for his own purposes, such individual would not then have been the agent, servant and employee of the defendants and there would have been no occasion to so designate him or to have sued the principal. I am also not in accord with the conclusion reached in the majority opinion to the

effect that we would be merely misleading the pleader by holding that the allegations were sufficient and that evidence supporting the limited allegations would be sufficient against a demurrer to the evidence. The rule relative to construction of pleadings, in the absence of a motion, is less rigid in many instances than it is where the same rule of law is applicable on a demurrer to the evidence. Under the rule requiring liberality of construction in pleadings the plaintiff in this case could have properly introduced evidence showing clearly that the driver of the truck was at the time of the accident not only the agent of the employer but was so acting in furtherance of its business. There is no reason why we should anticipate that evidence of such character would not have been produced and thus destroy the possible rights of a litigant who may have had a meritorious cause of action.