No. 37,100

ALVERTA CAMPBELL, *Appellant,* v. THE KANSAS POWER AND LIGHT
COMPANY, *Appellee.*

(193 P. 2d 177)

Opinion filed May 8, 1948.

*David Prager,* of Topeka, argued the cause, and *Edward Rooney* and *Jacob A. Dickinson,* both of Topeka, were with him on the briefs for the appellant.

*Earl C. Moses, Jr.,* and *Robert E. Russell,* both of Topeka, argued the cause, and *Clayton E. Kline, M. F. Cosgrove,* and *Balfour S. Jeffrey,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for personal injuries alleged to have been sustained when a passenger bus operated by defendant struck the plaintiff. The plaintiff has appealed from an order of the trial court sustaining defendant's demurrer to her petition on the ground that it did not state a cause of action.

The petition alleged first that defendant was engaged as a common carrier in the transportation of passengers for hire on the streets of Topeka; that on a date named plaintiff was standing on the curbing waiting for the arrival of one of defendant's buses at a regular bus stop; that defendant's bus was traveling west on Twenty-first street; that as the bus approached the bus stop she

was pushed off the curbing onto the street by a crowd of waiting passengers, all of which was clearly visible to the driver of defendant's bus; that as the bus approached the stop at a speed of ten to fifteen miles per hour it curved into the curbing and toward plaintiff and struck and injured her; that the plaintiff's injuries were the proximate result of the collision and the collision was the proximate result of the negligence of defendant's driver; that the defendant was negligent because defendant's driver failed to keep a lookout and because its driver in approaching the bus stop curved in toward the plaintiff in a reckless and wanton disregard of her safety and the safety of others, and that the defendant's driver failed to stop or to take any means to avoid injuring the plaintiff. The petition then detailed the amount of damages suffered by plaintiff.

The defendant demurred to this petition on the ground that it failed to state a cause of action. The trial court advised counsel that the demurrer was sustained on account of the failure of the plaintiff to allege that the bus involved in the accident was being driven by an agent or employee of the defendant while engaged in the furtherance of the defendant's business. That is the sole question presented on appeal.

Appellant states the question involved as follows:

"Does a petition against which no motions have been directed sufficiently state a cause of action against a common carrier bus company when it alleges the nature of defendant's business and facts showing that defendant's bus was engaged in defendant's business as a carrier of passengers at the time certain negligence was committed by defendant's driver or must the petition allege in so many words that the driver of defendant's bus was a 'servant, agent and employee of defendant acting for the benefit of defendant'?"

At the outset it should be stated that the court in its letter advising the parties that the demurrer was being sustained stated that it was doing so under the rule announced in *Willett v. McCormick*, 161 Kan. 658, 170 P. 2d 821. That was an action for damages alleged to have been sustained when a truck driven by the agent of defendants collided with the automobile plaintiff was driving. The paragraph of the petition upon which the case turned was as follows:

" 'Plaintiff's automobile was struck by a truck which was traveling north on Van Buren street, which truck was owned by the defendants and negligently driven by the agent, servant and employee of the defendants. That the

proximate cause of such collision was the carelessness and negligence of the driver of said truck, as hereinafter set out.'" (p. 658.)

We noted there was no allegation that at the time of the collision the truck was being driven on the business of defendants. On account of the absence of such an allegation we held that the petition did not state a cause of action. We followed what we had stated in several cases cited, that in order for one to recover on account of the negligence of an agent of the defendant the agent must have been going about his master's business at the time of the injury. (See *Halverson v. Blosser,* 101 Kan. 683, 168 Pac. 863; *Ruff v. Farley Machine Works Co.,* 151 Kan. 349, 90 P. 2d 789; and *Daily v. Schneider,* 118 Kan. 295, 234 Pac. 951.)

We pointed out there was a failure of the petition to state an ultimate fact necessary for recovery—hence the petition did not state a good cause of action. The petition in this case may be distinguished from *Willett v. McCormick,* supra. In the first place, where there is no motion directed at a petition to make definite and certain we are governed first by G. S. 1935, 60-736, which provides:

"In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties."

Also by what is said in G. S. 1935, 60-704, as follows:

"Second. A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition."

We have said many times that where no motions have been presented to have the allegations of the petition made more definite and certain the petition should be liberally construed in favor of the pleader. (See *Downey v. Phillips,* 137 Kan. 362, 20 P. 2d 453; *Insurance Co. v. Whitney,* 112 Kan. 145, 210 Pac. 646; and *Owens v. Deutch,* 156 Kan. 779, 137 P. 2d 181.)

The rule is about as well stated as anywhere in the case of *Owens v. Deutch,* supra, as follows:

"Where the substantial facts which constitute a cause of action are stated in a petition, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of those facts are imperfect, incomplete and defective, the proper mode of correction is not by a demurrer to the petition but by a motion before the trial to make the averments of such petition more definite and certain by amendment." (Syl. ¶ 1.)

Let us see what the petition actually says from which a reasonable inference might be drawn that the bus driver was an employee

of the company at the time of the injury alleged and that he was going about his master's business at the time. In the first place, it appears throughout the petition that the injury occurred on a regular route of the bus company. The plaintiff was waiting at the bus stop for the arrival of defendant's bus. People do not wait at some place off of the bus route for the arrival of a bus company's bus. The bus approached the bus stop where a crowd was waiting to get on it; that the crowd was clearly visible to the driver of defendant's bus; that the collision was the proximate result of the negligence of defendant's driver in the operation of defendant's bus; that the negligence causing this collision was the failure of the defendant's driver to keep a lookout and the act of defendant's driver in approaching the bus stop and suddenly curving in toward the plaintiff, and the failure of defendant's driver to stop or take any means to avoid injuring the plaintiff. The sharp distinction between this and the petition in the case of *Willett v. McCormick*, supra, is that all of the facts alleged in the McCormick case could have been proved and still it might have been that the driver of the truck was on some errand of his own rather than his employer's when he struck the plaintiff. Here no such result would be possible. The driver of this bus was at the time of the collision at the point where his employers expected him to be. If all of the facts alleged in this petition should be proved a prima facie case of negligence would be established against the defendant. In construing such a petition courts will give all the language used a reasonable, liberal interpretation in order to effect justice between the parties. We are so directed by the statute and by our previous decisions.

The judgment of the trial court is reversed with directions to proceed with the trial of the case.