No. 38,694

In the Matter of the Estate of Mabel Cipra, Deceased; Re: Demand of Alice Choate; EMIL RASMUSSEN, Administrator, *Appellant,* v. ALICE CHOATE, *Appellee.*

(246 P. 2d 267)

Opinion filed July 3, 1952.

*Theodore M. Metz,* of Lincoln, argued the cause, and was on the briefs for the appellant.

*Philip H. Lewis,* of Topeka, argued the cause, and *J. J. McCurdy* and *W. W. Urban,* both of Lincoln, *Thomas M. Lillard,* of Topeka, and *Doris Dixon Stowell* and *William H. Stowell,* both of Phillipsburg, were with him on the briefs for the appellee; and *Thomas M. Lillard, O. B. Eidson, Philip H. Lewis* and *James Porter,* all of Topeka, of counsel.

The opinion of the court was delivered by

THIELE, J.: Alice Choate filed her petition in the probate court alleging a demand against the estate of Mabel Cipra, deceased. Under appropriate procedure the matter was transferred to the district court for hearing. In the latter court the administrator of the estate filed his demurrer on the grounds that the court had no jurisdiction of the defendant or the subject of the action and that the petition did not state facts sufficient to constitute a cause of action

or to state a valid claim against the estate. That demurrer was overruled and the administrator appeals.

The substance of the petition was that petitioner was a resident of Lincoln, Kan., which was her post-office address and had a demand against the estate of Mabel Cipra, deceased, of the following nature: (1) Wenslow Cipra, petitioner's father, died January 24, 1939, leaving a last will and testament, a copy of which was attached. (2) Petitioner Alice Choate and her sister Irma Stahn were daughters of Wenslow Cipra and by the terms of his will following certain specific legacies and devises, the remainder of his estate was devised to his wife Mabel Cipra, stepmother of petitioner, to be hers for use and comfort during her lifetime, and if anything was left the remainder should be equally divided between Alice Choate and Irma Stahn. (3) Mabel Cipra, on January 31, 1939, filed in the probate court of Lincoln County, Kan., her election to take under her husband's will. (4) Thereafter Mabel Cipra enjoyed the use and income of the remainder interest in her deceased husband's estate. (5) Mabel Cipra died intestate and had in her possession at the time of her death that portion of the remainder in the estate of her deceased husband which had not been consumed by Mabel Cipra during her lifetime now consisting of bonds, mortgages and bank deposits which have been inventoried and appraised as assets in the estate of Mabel Cipra, deceased. (6) All of the assets inventoried in the estate of Mabel Cipra, deceased, consist of assets derived from the estate of Wenslow Cipra, deceased; that upon her death her life estate terminated, and this petitioner and her sister Irma, under the provisions of her father's will, became the owners thereof in equal shares. Although stated at length, petitioner's prayer was that her claim be allowed for one-half of the remainder of the property remaining after the life estate of Mabel Cipra, deceased, and that the administrator be ordered to pay over and deliver the same to her.

The copy of the will of Wenslow Cipra shows he made a specific legacy and devise to his daughter, Irma Stahn, a specific legacy to his daughter, Alice Choate, and gave the remainder of his property to his wife, Mabel Cipra, "to be hers for use and comfort during her life time and after that if there is anything left the remainder should be divided equally between the two daughters mentioned above in this will."

Before discussing appellant's contentions of error, we note his

statement that while he realizes scope of review of this appeal is limited, there are undisputed facts well known to all of the parties and known to this court by reason of the argument made in *In re Estate of Cipra,* No. 38,693, this day decided (see page 330) and he believes it not improper to refer to those facts, and he does so. The result is that his argument covers matters not disclosed by the record in this appeal. In disposing of the appeal, we shall give no consideration to any facts not disclosed by the petition originally filed in the probate court, nor to any argument based on any other facts.

There is no argument presented on the first ground of the demurrer that the court had no jurisdiction of the defendant nor of the subject of the action and it is treated as abandoned.

As to the second ground of the demurrer we note the following: The probate code (G. S. 1949, 59-2202) provides that every petition in a probate proceeding shall state (1) the name, residence and address of the petitioner; (2) the interest of the petitioner and his right to apply to the court; (3) the jurisdictional facts; (4) the facts, in ordinary and concise language, showing that the petitioner is entitled to the relief sought; and (5) a prayer for relief. There is no contention that requirements Nos. 1, 2, 3 and 5 were not fully met. It is contended the allegations of the petition do not meet requirement No. 4.

Appellant directs our attention to *Willett v. McCormick,* 161 Kan. 658, 660, 170 P. 2d 821, where it was said that it is true that in the absence of a motion to make definite and certain a petition should be given a liberal interpretation in favor of the pleader, but where an ultimate fact necessary for recovery is omitted from the petition it cannot be supplied by inference and, upon that premise, he argues the petitioner did not plead ultimate facts necessary to establish ownership of the property claimed. The gist of his argument is that the allegation petitioner became the owner of the property she claims by reason of the provisions of the will of Wenslow Cipra is a bald conclusion; that there is no allegation that the ownership was by reason of a finding to that effect by the probate court, and that such a finding cannot be supplied by inference, and he further argues that the petition does not state a cause of action because it does not allege that the will of Wenslow Cipra was ever admitted to probate; that no will shall be effective to pass real or personal property unless it has been admitted to probate (G. S. 1949, 59-616), and that there is no allegation that any property she claims was

ever determined by the probate court to be hers or ordered assigned to her by that court as required by G. S. 1949, 59-2249.

It is noted that appellant never filed any motion to have the petition made more definite and certain, and assuming decisions relative to pleadings under the code of civil procedure are fully applicable to petitions under the probate code, the petition was to be liberally construed in favor of the petitioner.

It has been said that:

"General allegations that a party owns or has title to property, without a statement of supporting facts, have been held to be mere legal conclusions; but it has also been held that a general allegation that a party is, or was, the owner of the property in controversy is sufficient as an averment of an ultimate fact." (71 C. J. S. 74, § 30a.)

While it is true in the petition before us that petitioner did allege that under the terms and provisions of the will of Wenslow Cipra, deceased, she became the owner of the property claimed by her, that allegation followed allegations including tracing the course of the property from Wenslow Cipra to his widow, her limited ownership and to the provisions of the will that petitioner became entitled after the death of Mabel Cipra. We do not agree with appellant's contention the allegation as to petitioner's ownership was a bald conclusion, nor, inferentially that it was a conclusion of law and not of fact.

Neither do we believe the petition was lacking in an essential allegation because there were no specific allegations that the will of Wenslow Cipra had been admitted to probate and that on final settlement of his estate an order had been made fixing the right of petitioner in the property claimed. We think it was implicit in the allegations that the will had been admitted for no other inference could be drawn from the specific allegation that Mabel Cipra had filed in the probate court of Lincoln county her election to take under the last will of her deceased husband. Failure to plead a final settlement of Wenslow Cipra's estate, and an assignment to petitioner were not fatal to stating a cause of action. There can be no doubt execution of the will of Wenslow Cipra was alleged, and as stated we are of opinion admission to probate can be inferred. That will was the basis of the ownership of plaintiff. In the absence of a motion directed to the petition to make it more definite and certain, we are not going to indulge any inference that if a final settlement has been had of the Wenslow Cipra estate, the probate

court assigned the property contrary to the provisions of the will. If it did make such an order, it would appear to be the duty of the administrator to plead the fact, and when that has been done the court can determine the legal effect of the order.

Appellant also contends that the petition was not drawn on a definite theory but presented a confusion of theories and was insufficient under *Grentner v. Fehrenschield,* 64 Kan. 764, 68 Pac. 619, and cases following it. The argument under this heading intermingles the allegations of the petition presently before us, with those of the petition in the companion case above mentioned. Appellant states that if the petition was ever on a definite theory it was that the probate court in the estate of Wenslow Cipra made an erroneous construction of his will, and that after a demurrer that theory was abandoned and replaced with a confusion of theories. We cannot agree. In the petition before us there was no hint of attack on nor request for any construction of the will of Wenslow Cipra. The petition presented a claim on a single definite theory, *i. e.,* that Wenslow Cipra left a last will under which his widow was given a life estate, with power of disposal during her lifetime, in certain property, with remainder, in part, to his daughter the petitioner; that the widow died without exhausting or consuming that property, which had been inventoried in her estate; that petitioner was the owner of her share under her father's will, and her prayer was that the widow's administrator be ordered to deliver it to her. The appellant's contention the petition presented a confusion of theories is not sustained.

We conclude the trial court did not err in ruling on appellant's demurrer, and accordingly the ruling and judgment of the district court is affirmed.