No. 39,331

BONNIE MARSH, *Plaintiff* and *Appellant*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, a Corporation, and THE TOPEKA TRANSPORTATION COMPANY, INC., *Defendants* and *Appellees*.

(271 P. 2d 247)

Opinion filed June 12, 1954.

*John M. Wall*, of Sedan, argued the cause and was on the briefs for the appellant.

*O. R. Stites, Jr.*, of Topeka, argued the cause and *Clayton E. Kline, M. F. Cosgrove, Robert E. Russell, Willard N. Van Slyck, Jr.*, and *William B. McElhenny*, all of Topeka, were with him on the briefs for appellee The Topeka Transportation Company, Inc.

The opinion of the court was delivered by

SMITH, J.: This is an action for personal injury alleged to have been caused by the negligence of defendants, The Atchison, Topeka & Santa Fe Railway Company, and The Topeka Transportation Company, Inc., both corporations. The appeal is from an order of the district court sustaining the demurrer of the transportation company to the petition of plaintiff. The plaintiff has appealed. At the outset it should be stated that the railway company has answered, and is not involved in this appeal.

The petition alleged after the formal allegations as to the railway company that the transportation company was a corporation engaged in the operation of buses for the transportation of passengers for hire in Topeka; that the plaintiff was a schoolteacher and on the day in question was on a tour sponsored by the railway company, which consisted of a trip by train over the railway company's lines to Topeka, where the sponsor would furnish guides to conduct

the members of the tour about the city of Topeka and various places of interest in the city and would return the members of this tour to the railway station; that the plaintiff paid the railway company the fare for the tour and on the morning of April 3d was transported to Topeka as a member thereof; that at Topeka the train was met by officials of the railway company and a guide supplied by the sponsor of the tour; that they were divided into groups and a guide was assigned to each group by the sponsor; "that this plaintiff was assigned to Group 13, and was told by a lady who was the guide assigned to said group to board a bus which was operated by The Topeka Transportation Company, Inc., and that said bus would transport Group No. 13 to the State Capitol Building and to other places of interest in Topeka, Kansas. Upon entering the bus, the guide assigned to. Group 13, gave each of the members of said group, a badge or a tag to be worn by each member so that said members might be identified as a member of the tour and as a member of Group 13, to which this plaintiff was assigned." The petition then described the manner in which the plaintiff was injured as follows:

"That said bus had traveled only a short distance, when the defendants, acting through the driver of said bus, so carelessly and negligently operated said motor bus as to cause said bus to stop with such unusual suddenness and great violence that the plaintiff was thrown from her seat and was thrown forward in the center aisle of said bus, approximately half the length of said bus."

To this the petition then alleged five reasons in which the defendants were negligent. The transportation company demurred on the ground the petition did not state facts sufficient to constitute a cause of action against it. The trial court advised counsel that the demurrer was being sustained because:

"There is nothing in the petition to show that the agent of the bus company was 'about his master's business' at the time of the injury. This fact cannot be inferred by reasonable intendment from the matters of the petition. The demurrer therefore is sustained."

Hence this appeal.

No motion was directed at this petition asking that it be made more definite and certain. The rule is that where a general demurrer is filed to a petition, the actual allegations are admitted as true and all reasonable inferences favorable to the pleader that may be drawn from the facts pleaded are taken as true. See *Dalton v. Hill*, 169 Kan. 388, 219 P. 2d 710; *Snyder v. McDowell*, 166 Kan. 624, 203

P. 2d 225; and *Rowell v. City of Wichita*, 162 Kan. 294, 176 P. 2d 590.

The appellee relies in the main on what we said in *Willett v. McCormick*, 161 Kan. 658, 170 P. 2d 821. That was an action where the petition alleged that plaintiff's automobile was struck by a truck which was owned and operated by defendant rug company and negligently driven by the agent, servant and employee of defendant. The demurrer to this petition was sustained because it did not contain any allegations that the truck at the time of the collision was being driven in the business of defendant. We held that the demurrer was properly sustained.

The case is not in point here for the reason that this petition alleged the plaintiff boarded the bus which was operated by the Topeka Transportation Company and there was an allegation that the Topeka Transportation Company was a corporation engaged in the operation of buses for the transportation of passengers for hire. With these two allegations, as well as the allegation that the defendant, acting through the driver of the bus, was negligent, under the rule to be followed in considering a demurrer to a petition, the case is controlled by what we said in *Campbell v. Kansas Power & Light Co.*, 165 Kan. 134, 193 P. 2d 177. That was a case where the petition alleged that the plaintiff boarded a bus that was being operated on the streets in Topeka for the transportation of passengers for hire and that it was boarded at a regular bus stop. We held that such a petition stated a cause of action even though it did not contain an allegation that the driver of the bus was an employee of the transportation company at the time of the injury conducting his master's business. We distinguished *Willett v. McCormick*, supra. Here the petition alleged the bus was being operated by the transportation company for hire and it was boarded at the depot upon the arrival of a train.

The judgment of the trial court is reversed, with directions to overrule the demurrer to the petition and proceed with the trial of the cause.