No. 39,707

In re Estate of Joseph Forster. (GERTRUDE FORSTER, *Appellant*, v. MILTON R. HARRINGTON, Administrator of the Estate of Joseph Forster, Deceased, *Appellee.*)

(283 P. 2d 491)

Opinion filed May 7, 1955.

*J. Paul Jorgenson*, of Wichita, argued the cause and was on the briefs for the appellant.

*Roy H. Wasson*, of Wichita, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J: This appeal was taken from the trial court's order which sustained a demurrer to a claim originally filed in the probate court for personal services rendered by appellant to Joseph Forster, deceased, on behalf of his predeceased mother and sister for the reason that the claim on its face showed it was barred by the statute of limitations.

Appellant, on December 3, 1952, filed a claim against Joseph's estate in the sum of $5,475.00 for services she had rendered in caring for Joseph for the last three years of his life. Appellee, the administrator of Joseph's estate, filed a general denial. The probate court allowed this claim. This order was appealed from by the executor of Joseph's estate. The record showed there was no ruling of any kind by the district court on the claim of Gertrude for services rendered in caring for Joseph during the

last three years of his life. We, therefore, are not here considering anything in regard to this claim.

There was a stipulation of facts from which we find that Anton Forster died testate in 1935, leaving his property to Barbara, his wife, for life, with remainder to Joseph, a son, but the will charged the estate with the duty to care for Clara, a daughter, and to pay bequests to all other heirs; Barbara and Clara lived with Joseph on the real property until Clara moved to Wichita in May, 1948; from 1935 until Barbara's death on September 13, 1948, Joseph handled all the property and business affairs of Barbara, either individually, as administrator of Anton, or as trustee; Joseph continued in the possession of Barbara and Clara's funds until his death in 1952; he neither accounted for their funds nor, under Anton's will, paid the heirs their bequests; he closed Anton's estate and obtained the real property for himself; Barbara and Joseph's estates are in possession of appellee; during his life, Joseph cared for Clara and Barbara and had the right and duty to make a reasonable charge therefor; property in his estate is likewise chargeable with Clara's care; about July 3, 1939, Joseph obtained Gertrude, a niece, to live in and assist in caring for the household, as well as caring for Clara and Barbara; Gertrude assisted in caring for Clara until 1948, and cared for Barbara until her death in 1948 except for about two weeks' time; Barbara was bedfast the last two years; at the time of Joseph's death, negotiations were still pending between Joseph and Barbara's heirs as to Joseph's indebtedness to Barbara's estate; for the purpose of Gertrude's claim, Joseph owed Barbara's heirs $17,233.61 less a reasonable amount for care and maintenance after credit had been allowed for medical and funeral expenses, which Joseph had paid; Gertrude's claims were to be filed in Joseph's estate and there determined and likewise Barbara's heirs were to file their claims; Barbara's heirs were to be found and determined for the purpose of distribution of funds.

Gertrude filed her claim in Joseph's estate on March 16, 1953. It showed the type and degree of care provided for Barbara and Clara over the respective dates set out by the stipulation of facts. It was admitted that there was no specific agreement as to the amount of pay, but that a reasonable amount should be allowed.

Appellee, administrator of Joseph's estate, filed an answer based

on the statute of limitations and further denied that Gertrude had not been fully paid for any services she had rendered.

The district court sustained a demurrer to the petition filed in the probate court on the grounds that the claim was barred on its face by the statute of limitations and there was not a sufficient showing of a confidential or fiduciary relationship so as to create a constructive trust in favor of Gertrude. The probate court had denied the claim for services rendered on behalf of Barbara and Clara, and Gertrude had appealed to the district court. Thus the only question for consideration here is whether the trial court erred in sustaining the demurrer to Gertrude's claim for personal services in caring for Clara and Barbara, which claim was filed in Joseph's estate, for the reason that the statute of limitations was a bar to Gertrude's recovery on the theory of *quantum meruit*.

Our attention is first drawn to the unique phraseology of the stipulation regarding Gertrude's coming into Joseph's household, which reads, "Joseph . . . obtained Gertrude . . . to live in the household and to assist in taking care of Clara . . . Barbara . . . and the household." In checking the meaning of the word "obtain" we find the following:

"To get hold of by effort; to gain possession of; to procure; to acquire, in any way; as, to *obtain* one's ends, wealth, another's confidence." (Webster's New International Dictionary, 2d ed., unabridged, p. 1682.)

"To get hold of by effort; to get possession of; to procure; to acquire, in any way." (Black's Law Dictionary, 4th ed., p. 1228.)

However, we need not devote time to determining what the parties intended because Gertrude's petition states that, ". . . she was requested by Joseph . . . to move to his farm home . . ." Therefore, we can only conclude that Gertrude was hired to care for Clara from July 3, 1939, to May, 1948, and to care for Barbara from July 3, 1939, to September 13, 1948. Appellant admits there was nothing said regarding compensation or the amount thereof, which makes the claim one of *quantum meruit*. The last services rendered for either Clara or Barbara were during 1948. Since by the statement of facts in the petition and the admissions of counsel this could only have been an oral contract, and since Gertrude had made no demand until the filing of her claim in Joseph's estate on March 16, 1953, we can see no other conclusion than to apply the age-old rule that where recovery depends upon *quantum meruit* and an oral contract, it is barred by the statute of limitations after the expiration

of three years. (*Heine v. First Trust Co.*, 141 Kan. 370, 41 P. 2d 767.) This rule has been applied in other cases. (See *Cole v. Emerson*, 133 Kan. 442, 1 P. 2d 249.)

The only remaining question in regard to this matter which merits consideration is whether a demurrer was the proper method of raising the bar of the statute of limitations. We have no hesitancy in holding that it was. (*Kansas State Bank v. Shaible*, 118 Kan. 73, 234 Pac. 40; *In re Estate of Cipra* (38,694), 173 Kan. 334, 246 P. 2d 267; *Hidalgo v. Kansas Milling Co.*, 176 Kan. 221, 269 P. 2d 1029.)

In conclusion we hold the demurrer to the petition of the appellant was properly sustained. We have carefully examined all authorities cited and the contentions raised by the parties. We believe it would benefit neither of them to delve further into the record.

The judgment of the trial court is affirmed.