No. 40,040

In the Matter of the Estate of Joseph Forster, Deceased. GERTRUDE FORSTER, *Appellant,* v. MILTON R. HARRINGTON, Administrator of the Estate of Joseph Forster, Deceased, *Appellee.*

(297 P. 2d 174)

Opinion filed May 5, 1956.

*J. Paul Jorgensen,* of Wichita, argued the cause, and *Grey Dresie,* also of Wichita, was with him on the briefs for the appellant.

*Roy H. Wasson,* of Wichita, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from an order of the district court striking from the files an amended petition for the allowance of a demand against the estate of Joseph Forster, deceased, and arises out of the following.

Joseph Forster died May 15, 1952, and proceedings were instituted in the probate court to administer his estate. Notice to creditors was first published July 24, 1952.

On December 3, 1952, Gertrude Forster filed her petition in the probate court for the allowance of her demand for $5,475.00 for services performed by her for the deceased between the dates of May 15, 1949, and May 15, 1952, at the rate of $5.00 per day.

On March 16, 1953, Gertrude Forster filed her petition in the probate court for the allowance of her demand for services performed by her at the request of Joseph Forster in caring for Clara Forster and Barbara Forster between the dates of July 3, 1939, and September 13, 1948; that she had no specific agreement as to amount but that the reasonable value to Joseph Forster individually, as trustee for Clara Forster and Barbara Forster, was $14,630.00 during the above dates.

The two claims were heard in the probate court which rendered judgments not of present importance. The petitioning claimant and the administrator each appealed to the district court with respect to the judgments. Insofar as the petition filed March 16, 1953, is concerned, the district court found the claim asserted was barred by the statute of limitations, and on appeal to this court the judgment was affirmed in an opinion filed May 7, 1955. See *In re Estate of Forster,* 178 Kan. 120, 283 P. 2d 491.

Insofar as the claim asserted in the petition filed on December 3, 1952, was concerned, there had been no hearing in the district court. On May 11, 1955, the claimant filed in the district court an amended petition for the allowance of her claim alleging an indebtedness of Joseph Forster to her in the amount of $20,233.00 as compensation for her services at $5.00 per day between May 15, 1949, and May 15, 1952, and at $4.00 from July 3, 1939, to May 15, 1949.

In due time the administrator filed his motion that the amended petition be stricken from the files for four reasons: (1) That petitioner filed her claim in the probate court on December 3, 1953, covering a period from May 15, 1949, to May 15, 1952, the claim was heard, appeal taken to the district court, and was still pending; (2) that on March 16, 1953, petitioner filed her claim for $14,630.00 for services rendered from July, 1939, to 1948, and that the claim was heard, the decision thereon appealed to the district court, which held the claim was barred; that on appeal to the supreme court the judgment was affirmed and the claim was *res adjudicata;* (3) that by her amended petition, petitioner had attempted to create a new claim in the district court, contrary to the probate code; that the amended petition was in fact a new claim and the district court was without jurisdiction; and (4) the amended petition was filed without motion or application to the court to file the same and was an attempt to file in the district court a claim which is one that was *res adjudicata* and barred.

The district court heard the motion to strike and sustained it and in due time the petitioner perfected an appeal to this court, specifying as error that the lower court erred in striking her amended petition and in failing to consider G. S. 1949, 59-2408.

Appellant first directs attention to the above statute which provides that upon filing of the transcript (from the probate court) the district court shall hear the appeal and in so doing shall have and exercise the same general jurisdiction and power as though the controversy had been commenced in such court and as though such court would have had original jurisdiction, and stresses the provision that the district court shall allow and may require pleadings to be filed or amended. She contends that she had an absolute right to file her amended petition, and that the claim asserted is not the same as her claim filed in the probate court on March 16, 1953. Her argument is that there is no disagreement that a cause of action was stated for the three years immediately preceding Forster's death; that the claim as originally filed referred to Barbara and Clara Forster's funds for services rendered between July 3, 1939, and September 13, 1948, a matter not referred to in the amended petition, and that the determination of the original claim did not adjudicate the claim asserted in the amended petition. Appellant cites no authorities in support of her contention.

We shall not dwell on the fact that appellant filed her amended

petition in the district court without first seeking permission to do so, but for our purposes shall assume that the amended petition was properly filed.

An analysis of the petition originally filed on March 16, 1953, shows claim was made against Joseph Forster individually for services rendered between July 3, 1939, and September 13, 1948, in taking care of Clara and Barbara Forster, and that as trustee for them Joseph Forster had funds which should be charged therewith. It is true the amended petition omits reference to Clara and Barbara and states a period of from July 3, 1939, to May 15, 1949, an extension of about eight months. In essence this claim, if not exactly the same claim as was considered in *In re Estate of Forster*, supra, covered substantially the same period of time, was for services rendered to Joseph Forster in his lifetime, and insofar as it covered to September 13, 1948, was fully adjudicated in the district court by its judgment of July 15, 1954, and affirmed by this court in *In re Estate of Forster*, supra. If it be considered that a new claim was filed for the period between September 13, 1948, and May 15, 1949, it may be observed that the action, being based on an oral contract, was barred by the general statute of limitations (G. S. 1949, 60-306, *Third*) because not asserted within two years, and, if not otherwise barred, was not asserted in the probate court within nine months after the first published notice to creditors (G. S. 1949, 59-2239).

The trial court did not err in striking the amended petition from the files.

The appeal to the district court from the ruling of the probate court on the claim asserted in the petition filed in the probate court on December 3, 1952, remains for determination by the district court.

The ruling of the district court, striking the amended petition from the files, is affirmed.