**UNITED STATES of America,**
Appellant,

v.

**Thelma Louise HAINLINE, Appellee.**

No. 7118.

United States Court of Appeals
Tenth Circuit.

March 26, 1963.

David L. Rose, Atty., Dept. of Justice, Washington, D. C. (Joseph D. Guilfoyle, Acting Asst. Atty. Gen., Newell A. George, U. S. Atty., and Morton Hollander, Atty., Dept. of Justice, Washington D. C., with him on the brief), for appellant.

O. J. Connell, Jr., El Dorado, Kan., for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

This action was brought, under the provisions of the Federal Tort Claims Act,[1] to recover damages for injuries received by the plaintiff when an airplane, flown by Lieutenant Goff, an Air Force officer, struck the motor vehicle she was driving. The plane was owned by the Aero Club at McConnell Air Force Base in Butler County, Kansas. Lieutenant Goff was a member of the club which maintained aircraft for the use of its members on a rental basis. Membership in the club was voluntary, and limited to active and retired military personnel, their dependents, and civilians employed by the Department of Defense. The club is a nonappropriated fund activity of the Air Force, and an instrumentality of the United States. It was alleged that Lieutenant Goff, while flying the plane, "was acting within the scope of his duties and in line of duty as a member of the United States Air Force."

The trial court concluded: "A 'member' [of the Aero Club] is to be considered an 'employee' within the meaning of the Federal Tort Claims Act when such member is engaged in the activities and pursuits provided for in the constitution" of the club, and that when a member of the club is engaged in activities and pursuits provided for in the constitution of the club, he is acting within the scope of his employment, thus subjecting the United States to liability under the Act. Judgment was entered for the plaintiff, Thelma Hainline, in the sum of $12,467. The question presented by this appeal is

1. 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671–2680.

whether an Air Force officer, while off duty, and flying, as a member of a non-appropriated, sundry fund activity,[2] an airplane which is owned by the club not the government, is acting within the scope of his employment as an officer in the Air Force or as an employee of the activity, so as to subject the United States to liability for his negligence.

There is no material dispute over the controlling facts. The purpose of the Aero Club was to stimulate an interest in aviation, to provide authorized personnel with an opportunity to engage in flying as a recreational activity, at economical rates, and to encourage and develop skill in aeronautic navigation, mechanics and related sciences useful to the Air Force mission. Air Force Regulation 34–14 (April 14, 1959). The activities of the club were limited to off-duty hours of the members, and the club officers were required to fulfill their club duties on their own time. Some of the planes used were borrowed from the Air Force, and others, including the one flown by Lieutenant Goff, were purchased with club funds and on the titles to those planes the club was designated as the owner. The club's income was derived from the dues and initiation fees of members, the sale of flying services, including instruction, the rental of planes, and the sale of gasoline. Lieutenant Goff was a licensed pilot, and on the day of the collision, in which the plaintiff was injured, he obtained the use of a Cessna 172 for a flight at the usual charge of $7.00 per hour. He was not directed by anyone to make the flight, and he was at liberty to utilize his off-duty hours as he saw fit. Flights such as this were his sole responsibility, and he was not accountable to the Air Force or anyone else as to the flying of the plane. He was making a final landing approach at the air field which the club leased when the plane's landing gear struck a truck which was being driven by the plaintiff on a road adjoining the field. The finding that the Lieutenant was negligent and the amount of the judgment are not questioned here.

Under the provisions of the Federal Tort Claims Act the United States is liable for injuries to property or persons "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." As to military and naval forces of the United States "acting within the scope of his office or employment" means "acting in line of duty." 28 U.S. C. § 2671; Hinson v. United States, 5 Cir., 257 F.2d 178; Leonard v. United States, D.Wyo., 131 F.Supp. 694, aff'd 9 Cir., 235 F.2d 330, cert. granted and remanded to trial court on motion of the parties 352 U.S. 996, 77 S.Ct. 555, 1 L. Ed.2d 540.

In actions brought under the Act, the scope of employment is determined by the state law. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761; Pattno v. United States, 10 Cir., 311 F.2d 604. Under Kansas law the liability of an employer for the negligent acts of his employee is controlled by a determination as to whether, at the time of the act complained of, the employee was engaged in the furtherance of the employer's business to such a degree that the employer had the right to direct and control the employee's activities. Liability does not attach to the employer if there is only incidental furtherance of the employer's business. Willett v. McCormick, 161 Kan. 658, 170 P.2d 821; Ruff v. Farley Mach. Works Co., 151 Kan. 349, 99 P.2d 789; Kyle v. Postal Telegraph-Cable Co., 118 Kan. 300, 235 P. 116; Mansfield v. William J. Burns Int'l Detective Agency, 102 Kan. 687, 171 P. 625, L.R.A.1918D, 571; Kemp v. Chicago, R. I. & P. Ry. Co., 91 Kan. 477, 138 P. 621. At the time of this ac-

---

2. Sundry fund activities are established and maintained by income derived from the active membership of the activity.

cident it is clearly established that Lieutenant Goff was flying the club aircraft for his own personal benefit and enjoyment, at his own expense. He was not sufficiently engaged in the furtherance of any business of the Air Force to make him subject to its direction and control, and, any benefit to the Air Force was only incidental to Goff's private activities. Therefore, he was not acting within the scope of his employment as an Air Force officer, and the United States is not liable under the theory that he was.

 The Aero Club was an instrumentality of the federal government, and the United States would be liable under the Federal Tort Claims Act for the negligence of club employees. Cf. Rizzuto v. United States, 10 Cir., 298 F.2d 748. In holding that Lieutenant Goff, as a member of the club, was deemed to be an employee thereof the trial court relied upon footnote 6 of Air Force Regulation 176–8 (Jan. 28, 1960) which states:

"For the purpose of paragraph 14 of this regulation 'employees' is interpreted to include members and/or authorized 'participants' or 'users' of nonappropriated fund airplanes, * * *, when they are using such property in the manner and for the purpose provided in the constitution, charter or by-laws of the activity."

Paragraph 14 of Air Force Regulation 176–8 (Jan. 28, 1960) requires the prompt reporting of an accident or incident involving the act or omission of an employee of a nonappropriated fund activity in connection with its property or services. It deals with the administrative investigation, settlement and payment of claims, and also provides that when any member or authorized user of nonappropriated fund property, is sued in his individual capacity as a result of an alleged tort committed by him while using nonappropriated fund property, a request will be made to employ, at club expense, civilian counsel to represent the individual sued. The regulation, however, does not purport to, nor could it, enlarge the liability of the United States under the Federal Tort Claims Act or create any new or different definition of the word "employee" as used in the Act. For the limited purpose of investigation and administrative settlement of claims arising out of nonappropriated fund activities of the Air Force, the regulation treats members as employees, but this does not make them employees in determining the substantive liability of the United States under the Act. The fact of employment must be determined under federal law,[3] and there is no federal rule to the effect that a club member is an "employee" under the Federal Tort Claims Act.

Reversed.

---

3. Pattno v. United States, 10 Cir., 311 F.2d 604.