O. F. BELIN, *Appellant,* v. LOWELL D. HOOVER and NEVIN E. ROHRER, *Appellees.*

No. 43,591

ALTA K. BELIN, *Appellant,* v. LOWELL D. HOOVER and NEVIN E. ROHRER, *Appellees.*

(391 P. 2d 1021)

Opinion filed May 9, 1964.

*Vernon A. Stroberg,* of Newton, argued the cause, and *Kenneth G. Speir, Herbert H. Sizemore* and *Richard F. Hrdlicka,* all of Newton, were with him on the brief for the appellant.

*William A. Guilfoyle,* of Abilene, argued the cause, and *John H. Lehman* and *D. V. Romine,* both of Abilene, were with him on the brief for the appellee, Lowell D. Hoover.

The opinion of the court was delivered by

SCHROEDER, J.: This is a personal injury action growing out of a motor vehicle collision. The trial court sustained a demurrer lodged by the defendant Hoover against the amended petition of the plaintiff on the ground that the allegations of agency were insufficient to state a cause of action against Hoover. Appeal has been duly perfected from such order.

The only question is whether the amended petition has sufficiently pleaded agency to withstand a demurrer.

The parties have stipulated upon consolidation of Case No. 43,590 and Case No. 43,591 (involving the appellant's wife in the

same collision) that the decision in Case No. 43,590 shall, in all respects, control the decision and be the decision in Case No. 43,591.

The portion of the amended petition material to this appeal reads:

"(2) That at all times hereinafter stated, defendant Nevin E. Rohrer was acting as the agent, servant, and employee of defendant Lowell D. Hoover.

"(3) That on or about the 1st day of July, 1960, at about 8:05 p. m., at a point approximately 8¾ miles north of Abilene, Kansas, the plaintiff, O. F. Belin, was driving his automobile on a public roadway commonly designated 'Old Highway 15,' Dickinson County, Kansas, in a northerly direction; that defendant Nevin E. Rohrer was at approximately said time and place operating a certain 1948 International truck, bearing 1960 Kansas license plate D/K-T-668, which belonged to the defendant Lowell D. Hoover; that the defendant Nevin E. Rohrer was driving said truck in an easterly direction from the driveway of the farm home of the defendant Lowell D. Hoover and failed to stop before coming upon the public highway then being used and occupied by plaintiff; that said defendant Nevin E. Rohrer drove directly in front of and into the path of the automobile in which plaintiff was driving, causing plaintiff's automobile to strike the truck driven by defendant Nevin E. Rohrer with great force and violence; and that, as a direct and proximate result of the negligence of defendant Nevin E. Rohrer, plaintiff was severely and permanently injured as hereinafter alleged."

The demurrer charged that the amended petition did not state facts sufficient to constitute a cause of action. The order sustaining the demurrer set forth the trial court's reason as follows:

". . . that plaintiff does not allege his petition that at the time of the collision, Nevin E. Rohrer was operating the truck on the business of the defendant, Lowell D. Hoover, and that under the doctrine of respondeat superior, a necessary ultimate fact for recovery is an allegation that the servant was acting within the scope of his employment at the time of the accident."

The trial court's ruling was based on the case of *Willett v. McCormick,* 161 Kan. 658, 170 P. 2d 821. There the petition alleged only that the "truck . . . was owned by the defendants and negligently driven by the agent, servant, and employee of the defendants." (p. 658.)

Decisions subsequent to the case of *Willett v. McCormick,* supra, have all distinguished it. (See, *Revell v. Bennett,* 162 Kan. 345, 176 P. 2d 538; *Campbell v. Kansas Power & Light Co.,* 165 Kan. 134, 193 P. 2d 177; and *In re Estate of Cipra [38,694],* 173 Kan. 334, 246 P. 2d 267.)

The record presented on appeal discloses that the amended petition in the instant case had no motion to make definite and

certain directed to the allegation of agency either in the plaintiff's original petition or in his amended petition.

In *Marsh v. Atchison, T. & S. F. Rly. Co.*, 176 Kan. 430, 271 P. 2d 247, this court reversed an order of a trial court which sustained a demurrer to a petition which did not allege that the driver of a bus was acting on his master's business. The court said:

"No motion was directed at this petition asking that it be made more definite and certain. The rule is that where a general demurrer is filed to a petition, the actual allegations are admitted as true and all reasonable inferences favorable to the pleader that may be drawn from the facts pleaded are taken as true. (See, *Dalton v. Hill*, 169 Kan. 388, 219 P. 2d 710; *Snyder v. McDowell*, 166 Kan. 624, 203 P. 2d 225; and *Rowell v. City of Wichita*, 162 Kan. 294, 176 P. 2d 590." (pp. 431, 432.)

The allegation under attack in *Rogers v. Beiderwell*, 175 Kan. 223, 262 P. 2d 814, was *"and although acting as the agent of the defendant."* (p. 224.) There the general proposition of law asserted was that where the agency is averred, it may be done generally without describing the authority of the agent, in the absence of a motion to make more definite and certain. The court concluded its decision by the following statement:

"Appellee criticizes the italicized allegation in the instant petition, to wit, '. . . and although acting as the agent of the defendant . . .,' contending it is not a direct allegation of agency. The allegation of agency might well have contained a statement that the agency was authorized. As already indicated, however, the lack of a statement of authorization did not render the petition completely vulnerable. There was no motion to make it more definite and certain and on demurrer it must be liberally construed in favor of the pleader. We think the allegation is reasonably understandable. . . ." (p. 226.)

A contract action was before the court in *Rodgers v. Arapahoe Pipe Line Co.*, 181 Kan. 579, 313 P. 2d 740, in which the court states in Syllabus ¶ 2:

"Where a petition alleges that another acted as agent of a defendant, such general allegation, particularly in the absence of a motion to make definite and certain, will be liberally construed in favor of the pleader when challenged by demurrer, and is ordinarily sufficient without averring that the agent had authority to act in the premises, the question of the agent's authority being one of evidence, not of pleading."

The appellees insist that a distinction exists between contract cases and tort cases concerning the issue here on appeal. They argue that in tort cases involving drivers of automobiles involved in accidents the bare allegation and conclusion that the driver

was the agent, servant or employee is not sufficient when it merely states that he was *acting* as the agent, servant or employee, in that it does not suffice to supply the deficiency that he was engaged in his master's or principal's business or acting within the scope of his authority, unless such statement can be coupled with other allegations in the petition, which clearly indicate no other inference can be drawn.

We do not feel that an extended discussion concerning the point here for review which arose under the old code of civil procedure is warranted. Even if it be assumed that *Willett v. McCormick,* supra, has not been overruled by subsequent decisions, we think the facts alleged in the instant case distinguish it.

In the *Willett* case the petition stated only that the truck was owned by the defendants and negligently driven by the agent, servant and employee of the defendants. Here, the allegation is "That at all times hereinafter stated, defendant Nevin E. Rohrer was *acting* as the agent, servant, and employee of defendant Lowell D. Hoover." (Emphasis added.) In the next succeeding paragraph the amended petition alleged "that the defendant Nevin E. Rohrer was driving said truck . . . from the driveway of the farm home of the defendant Lowell D. Hoover."

Obviously, there is a considerable difference. One can be an agent, servant and employee and at the same time not be engaged in the work of his principal or master; but when one at the time in question is *acting* as the agent, servant and employee, it can only mean that he was engaged in his master's or principal's business. Coupled with the alleged fact that Rohrer was driving his principal's truck from the driveway of the principal's farm home, there is no other inference to be drawn but that Rohrer at the time of the collision was operating the truck in the business of Hoover, and thus acting within the scope of his employment at the time of the accident. (*Marsh v. Atchison, T. & S. F. Rly. Co.,* supra.)

It follows the trial court erred in sustaining the demurrer of the appellee Hoover to the amended petition.

The judgment of the lower court is reversed.