Jack H. SCOTT, Edith L. Scott and Susan L. Scott, by next friend, Jack H. Scott, Appellants,

v.

UNITED STATES of America, Appellee.

No. 21341.

United States Court of Appeals Fifth Circuit.

Oct. 21, 1964.

L. B. Kent and Kent & Kearns, Columbus, Ga., for appellants.

David L. Rose, Atty., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Floyd M. Buford, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, BELL, Circuit Judge, and WHITEHURST, District Judge.

PER CURIAM:

This suit was brought against the United States under the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671–2680, to recover for injuries received by Edith and Susan Scott while on the premises of the Hunt Club located on the Fort Benning military reservation. Under the Tort Claims Act, the United States is liable for the negligence of the employees of any "federal agency." The District Court held that the Fort Benning Hunt Club was not a federal agency, and that therefore the United States could not be sued for the negligence of its employees. The controlling question presented by this appeal is whether this holding was correct.

The Hunt Club is located on the Fort Benning reservation, and its membership consists primarily of military personnel and their dependents. It is a self-supporting organization receiving no appropriations from the United States treasury. It maintains a small civilian staff

paid entirely out of funds collected from the members. Permission to establish the club was granted by the Commanding General of Fort Benning, and he exercises ultimate authority over its activities. However, the normal activities of the club are overseen by a board of governors elected from its membership. The club's constitution provides that it is a "private association" which "shall not operate as an instrumentality of the Federal Government," and that it was established under Army Regulation 230–5, ¶ 2b. This regulation permits military personnel acting in their unofficial capacities to form "private associations * * * which are not established to provide essential morale and recreational facilities," and exempts these associations from regulations applicable to "instrumentalities of the Government."

We feel that the district judge adequately canvassed the law in this area and correctly concluded that there was insufficient nexus between the Hunt Club and Fort Benning to classify the club as a federal agency under the Tort Claims Act. See Scott v. United States, M.D.Ga., 1963, 226 F.Supp. 865. All of the decisions relied on by appellants involve activities which were essential or integral to military operations, e. g., United States v. Holcombe, 4 Cir., 1960, 277 F.2d 143 (Naval officer's mess held to be a federal agency), or which were subject to greater supervision and control by military authorities, United States v. Hainline, 10 Cir., 1963, 315 F.2d 153 (flying club held a federal agency); Brewer v. United States, M.D.Ga., 1952, 108 F.Supp. 889 (swimming pool). In Rizzuto v. United States, 10 Cir., 1961, 298 F.2d 748, apparently holding that a bowling alley is a federal instrumentality for the purposes of 5 U.S.C. § 150k–1, the degree of governmental supervision and control of the bowling alley is not revealed by the decision and record in that case, but we note from the record that, unlike the Army Regulation here involved, the Air Force regulation authorizing the bowling alley provided that activities established thereunder were instrumentalities of the United States Government.

The judgment of the District Court is affirmed.